**Ray Nelson BRUINSMA, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 25355.

United States Court of Appeals
Fifth Circuit.

Oct. 10, 1968.

---

James S. McGrath, Beaumont, Tex., for appellant.

Jacob F. Bumstead, Asst. U. S. Atty., .Beaumont, Tex., Wm. Wayne Justice, U. S. Atty., for appellee.

Before GEWIN, PHILLIPS * and GOLDBERG, Circuit Judges.

PER CURIAM:

The appellant, Ray Nelson Bruinsma, was found guilty by a jury under a two-count indictment charging him with the offense of conspiracy to commit burglary and of the offense of burglary of the Chester State Bank of Chester, Texas, a bank insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. §§ 371 and 2113(a). The United States District Court for the Eastern District of Texas imposed a sentence of twenty years on the burglary count and a sentence of five years on the conspiracy count. The five-year sentence was suspended and probated for five years and is to commence at the expiration of the twenty-year sentence.

The only error specified is that the court improperly admitted evidence of an extraneous offense not connected in any way with the offense for which the appellant was tried and convicted. We affirm.

The evidence of which the appellant complains relates to statements made by him to the effect that he had been arrested for burglarizing a post office with another and that he needed money. He proposed to find a place to burglarize for the purpose of getting the needed funds. There was also an objection to a question propounded to appellant's mother, but objection to it was sustained and the court instructed the jury to disregard it.

■■ It is the general rule that a person charged with a particular crime has the right to require the prosecution to limit its evidence to that offense only and he should not be required to defend against evidence of other unrelated criminal acts. However, in a proper case, evidence of other crimes, even though prejudicial, is admissible to establish motive, intent, design and knowledge, if such evidence is clearly relevant for such purpose. Huff v. United States, 273 F.2d 56 (5th Cir. 1959); Reed v. United States, 364 F.2d 630 (9th Cir. 1966); Mills v. United States, 367 F.2d 366 (10th Cir. 1966); United States v. Murphy, 374 F.2d 651 (2d Cir. 1967). We conclude that no error was committed.

Judgment affirmed.

---

* Judge Harry Phillips of the Sixth Circuit, sitting by designation.