The defendant's conviction and sentence are affirmed.

222 So.2d 857

**STATE of Louisiana**

**v.**

**James CLACK.**

No. 49521.

May 5, 1969.

Rehearing Denied June 9, 1969.

Jack Rogers, Rogers, McHale & St. Romain, Hardy M. Parkerson, Lake Charles, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for appellee.

HAMLIN, Justice.

Defendant appeals from his conviction of the crime of possessing marijuana (LSA–R.S. 40:962) and sentence to serve seven years in the Louisiana State Penitentiary at hard labor, with credit given for the time of his incarceration.

Five bills of exceptions are presented for our consideration.

Defendant was arrested on February 9, 1968, and the present bill of information was filed on February 28, 1968. A motion for a preliminary examination was filed and granted on February 23, 1968, and, on February 29, 1968, said motion was set aside by the trial court which stated that the issues raised were moot. On March 6, 1968, the trial court found that there was probable cause to charge the defendant. On March 20, 1968, counsel for the defendant filed motions to suppress evidence, for a speedy trial, and for production and examination of evidence. On April 30, 1968, the trial court denied the motion for the production and examination of evidence and overruled the motion to suppress evidence. Defendant plead not guilty, and trial was fixed for June 10, 1968. However, on June 10, 1968, the State elected to try another case, and trial of this defendant commenced June 24, 1968.

## BILL OF EXCEPTIONS NO. 1

Bill of Exceptions No. 1 was reserved when the trial judge overruled defendant's motion for a speedy trial and denied his motion for dismissal of the charge against him, or alternatively that he be released from jail on his own recognizance. (Defendant did not furnish bond.)

Counsel for defendant contends that defendant should not have been forced to remain in jail any longer than June 10, 1968, and that his constitutional rights to a speedy trial and due process (Art. I, Sec. 9, La.Const. of 1921) were violated

when the State elected to try a case other than his on that date.

The trial judge's per curiam to this bill states:

"Two petit jury weeks were scheduled for the month of June, the weeks of June 10 and 24. Several felony cases were set for trial each week. The District Attorney indicated that he would call the case of State of Louisiana vs. No. 81,708 Jay Assunto for trial June 10. He further indicated that this case would be called for trial following the Assunto matter. This Court felt that this suit would not be unduly delayed under this schedule. The Assunto case was tried beginning June 10, and this case was tried beginning June 24. This Court concluded that the State was complying with the 'speedy trial' provisions of the Constitution."

We recently stated in State v. Collins, 242 La. 704, 138 So.2d 546, 550:

"The right to a speedy trial does not operate to deprive the State of a reasonable opportunity of fairly prosecuting accused persons with all reasonable and necessary delays. * * * It is within the exclusive province of the district attorney, who is vested with the full charge and control of every criminal prosecution instituted or pending in any parish where he is district attorney, to determine whom, when and how he shall prosecute. R.S. 15:17."

In State v. Frith, 194 La. 508, 194 So. 1, 5, we explained a "speedy trial" as follows:

"But this does not mean that a citizen who is arrested and accused of crime has a right to demand an immediate trial. 'A speedy trial is one conducted according to fixed rules, regulations, and proceedings of law, free from vexatious, capricious, and oppressive delays. * * * The law does not exact impossibilities, or extraordinary efforts, diligence, or exertion from the courts, or the representatives of the state; nor does it contemplate that the right of speedy trial which is guaranteed to the prisoner shall operate to deprive the state of a reasonable opportunity of fairly prosecuting criminals. But if the trial, by reason of the neglect or laches of the prosecution in preparing for it, is delayed beyond such period, when there is a term of court at which it might be had, such delay is a denial to the defendant of his right to a speedy trial.' Quotations from American Jurisprudence, Vol. 14, pp. 858, 859, Secs. 134, 135. See, also, 16 C.J., p. 439, §§ 794 et seq; 8 R.C.L., p. 71, § 25." See, 27 La.L.Rev., p. 214. Cf. State v. McClain, 194 La. 605, 194 So. 563.

We do not find that a delay of two weeks was unreasonable. We find neither neglect nor laches in the prosecution of this case; nor do we find that defendant was deprived of his constitutional rights. The trial judge did not abuse his discretion in permitting

the trial of the Assunto case prior to the trial of the instant prosecution.

Bill of Exceptions No. 1 is without merit.

## BILLS OF EXCEPTIONS NOS. 2 AND 3

Bill of Exceptions No. 2 was reserved when the trial judge overruled defense counsel's objection to certain statements made by the District Attorney in his opening statement.

Bill of Exceptions No. 3 was reserved when the trial judge overruled defense counsel's objection to the testimony given by a deputy sheriff regarding gleanings of marijuana allegedly found in the possession of the defendant on an occasion other than the one for which the defendant was charged.

The District Attorney in his opening statement said that in order to prove guilty knowledge and intent (LSA–R.S. 15:445 and 15:446), he would prove that marijuana

had been found in the pockets of defendant's clothes on the occasion of a previous arrest.[1]

Deputy Ellis testified during the trial that on October 27, 1967, he received a bundle of the defendant's clothing from Deputy Manuel. He examined the clothing microscopically and found particles of marijuana in the left rear pocket and left front pocket of a pair of dark gray trousers. He also testified that in February, 1968, he found marijuana in the top pocket and one pants pocket of defendant's trousers.

▬▬ Counsel for the defendant contends that it was improper for the District Attorney to mention any arrest of the defendant for the possession of marijuana other than that connected with the present offense. He further contends that due to the skimpy evidence of possession of marijuana produced by the State at the trial of this case, there is reasonable cause to believe that the

1. The District Attorney stated, in part: "Now in order for the State to actually, conclusively prove the case we will have to show some intent or knowledge of this particular fact. The State intends to offer in proof that James Clack knew that what he had in his pockets was marijuana, and that he had the intent to possess it by the fact that on—in October of 1967 while he was under arrest he—his clothes were examined at the jail at that time and gleanings of marijuana were found in his pockets in October, which will then preclude the fact that he did not have any intent or did not know what marijuana was. * * * But the State will offer evidence to show that gleanings were taken out of his pocket in October. These gleanings were sent to the crime lab in Baton Rouge after they had been microscopically determined here to be marijuana, to have all the physical properties of marijuana, were then analyzed in Baton Rouge and found to be marijuana at that time. So there was no mistake, gentlemen, that this accidentally got into his pocket or it was something that he didn't know what it was because he knew what it was in October, and he knew what it was in February. So the State will prove that he had knowledge of what was in his pocket and he had the intent. That's all the State has to prove."

jury convicted the defendant only on the basis of prior acts, not the act for which he was charged.

It is true that evidence of conviction of crime, but not of arrest, indictment, or prosecution, is admissible for the purpose of impeaching the credibility of a witness. LSA–R.S. 15:495; 19 La.L.Rev. 684. However, the District Attorney in his opening statement merely mentioned that defendant was under arrest in October, 1967, when marijuana was found in his clothing. Deputy Ellis testified with respect to marijuana found in defendant's clothing; he did not testify with respect to defendant's arrest during October, 1967.

"* * * guilty knowledge is an essential ingredient of the crime of possession of narcotic drugs. The crime of unlawful possession of narcotic drugs as denounced by law cannot exist without proof of guilty knowledge; for, such possession would not be a possession contemplated by the statute." State v. Johnson, 228 La. 317, 82 So.2d 24.

We conclude that evidence of prior possession of marijuana was admissible in evidence in the present prosecution to prove guilty knowledge and intent. State v. Skinner, 251 La. 300, 204 So.2d 370. It was not offered to prove or show prior arrest; it was offered to prove an essential element of the crime with which the defendant was charged.

Bills of Exceptions Nos. 2 and 3 are without merit.

## BILL OF EXCEPTIONS NO. 4

Bill of Exceptions No. 4 was reserved when the trial court overruled defense counsel's motion that Ray Heard, the State's expert on narcotics, obtain a microscope while he was on the stand testifying for the purpose of separating and identifying tobacco from the marijuana gleanings admitted in evidence and alleged to have been in the defendant's possession.

Counsel for the defendant argues that since defendant contended that he had no marijuana and that the gleanings contained only tobacco, if anything, it was reversible error not to permit microscopic examination of the evidence by the State's witness.

Ray Heard was an expert on narcotics, and his testimony was to the effect that he could give a fairly close estimation of the marijuana content of the gleanings without looking under a microscope. Defendant neither produced nor asked permission to produce a microscope. There is no evidence attached to this bill which reflects that defendant was prevented from offering expert testimony with respect to courtroom microscopic examination of the gleanings offered in evidence.

Under the circumstances associated with this bill of exceptions, we find no abuse of discretion by the trial judge. The follow-

ing per curiam explains the correctness of his ruling:

"While Mr. Ray Heard, an expert called by the State to identify the marijuana found in defendant's clothes, was under cross examination, a motion was made by defense counsel that Mr. Heard obtained a microscope for the purpose of separating any tobacco from the marijuana gleanings found in defendant's clothes. This Court overruled the motion on the ground that the volume of marijuana possessed by defendant was not an issue and thus not material to the case. The charge was possession of marijuana whatever may be the amount."

Bill of Exceptions No. 4 is without merit.

## BILL OF EXCEPTIONS NO. 5

Bill of Exceptions No. 5 was reserved during the hearing of the motion to suppress evidence, April 30, 1968, when the trial judge denied defense counsel's motion for production and examination of the gleanings of marijuana which formed the basis of the charge against the defendant.

Defense counsel contends that prior to trial defendant should have been allowed to examine a portion of the gleanings allegedly containing marijuana, in order to determine whether they contained any marijuana. Counsel contends that without such examination prior to trial, he was denied the opportunity to adequately prepare his defense. Counsel also contends that prior to trial defendant should have been allowed to have an expert of his own choosing examine the gleanings with a microscope, in order to ascertain if really there was any marijuana contained in them.

Under the law of Louisiana and its established jurisprudence, the evidence— marijuana gleanings—was privileged. It is the settled law of this State that an accused in a criminal case is without right to a pre-trial inspection of the evidence upon which the prosecution relies for a conviction. State v. Hunter, 250 La. 295, 195 So. 2d 273, and authorities cited therein. See, also, State v. Pailet, 246 La. 483, 165 So.2d 294, in which we held that "all evidence relating to a pending criminal case which is in possession of the State is privileged and not subject to inspection by the accused unless and until it is offered in evidence at the trial. The single exception to this rule has been made in instances where the State has in its possession a written confession of the accused." Cf. State v. Hall, 253 La. 425, 218 So.2d 320.

Bill of Exceptions No. 5 is without merit.

For the reasons assigned, the conviction and sentence are affirmed.

Rehearing denied.