246 So.2d 793

**STATE of Louisiana**

v.

**Robert C. CONEY.**

**No. 51002.**

March 29, 1971.

Rehearing Denied May 3, 1971.

Leslie D. Ligon, Jr., Clinton, Robert A. Connell, Jackson, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Richard H. Kilbourne, Dist. Atty., Fred C. Jackson, Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

Robert C. Coney appeals from his conviction and sentence for simple escape from Louisiana State Penitentiary. The defendant's seven bills of exceptions raise questions of double jeopardy, the validity of his sentence, and the correctness of trial court procedures.

By Bill of Information filed October 1, 1970, Coney was charged with simple escape from Louisiana State Penitentiary on September 13, 1970, in violation of LSA–R.S. 14:110.2. The Court overruled his motion for a bill of particulars. He then filed a motion to quash the bill of information on the ground that the statute under which he was being prosecuted had been repealed and that the action of the Louisiana State Penitentiary Disciplinary Board condemning him to ten days' isolation and the loss of one year's good time constituted former jeopardy. The trial court overruled the motion to quash.

After trial, the jury returned a verdict of guilty. The defendant's motion in arrest of judgment was overruled. The court then sentenced the defendant to a term of

ten years at the penitentiary to be served consecutively with his former sentences. Defendant objected to the legality of the sentence to no avail.

## BILL OF EXCEPTIONS NO. 1:
### Bill of Particulars.

The defendant reserved Bill of Exceptions No. 1 to the overruling of his motion for a bill of particulars in which he requested the following information: (1) the number and names of any prison inmates who were guarding the defendant at the time of his alleged escape; (2) the names and addresses of the persons who investigated the case; and (3) the names and addresses of the state's witnesses and a summary of their testimony.

In this motion, the defendant obviously sought a disclosure of the state's evidence against him.

 It is now well established that full pre-trial discovery of the State's evidence is unavailable in Louisiana criminal proceedings. The defendant is entitled to the production of written and video-taped confessions, but cannot force the disclosure of the details of the evidence by which the State expects to prove its case. State v. Fink, 255 La. 385, 231 So.2d 360; State v. Clack, 254 La. 61, 222 So.2d 857; State v. Crook, 253 La. 961, 221 So.2d 473; State v. Hall, 253 La. 425, 218 So.2d 320; State v. Hunter, 250 La. 295, 195 So.2d 273; State v. Pailet, 246 La. 483, 165 So.2d 294.

Hence, the ruling of the trial judge was correct.

## BILLS OF EXCEPTIONS NOS. 2 and 7:
### Validity of the Prosecution and Sentence.

 In both the motion to quash the indictment (Bill No. 2) and by objection to the sentence (Bill No. 7), defendant contended that the penalty provision of LSA–R.S. 14:110.2, under which defendant was prosecuted, was repealed by Act No. 290 of 1970. Because of the repeal, defendant asserted that his prosecution under the statute had no basis in law.

To dispose of the contention that R.S. 14:110.2 has been repealed, it is necessary to review the history of the simple escape statutes.

Prior to 1968, LSA–R.S. 14:110, as amended by Act No. 65 of 1963, reads as follows:

"Simple escape is the intentional departure of a person, while imprisoned, whether before or after sentence, under circumstances wherein human life is not endangered, from lawful custody of any officer or from any place where he is lawfully detained by any officer.

"Whoever having been sentenced to the Louisiana State Penitentiary, commits the crime of simple escape, shall be imprisoned at hard labor for not less than two years and not more than five years;

provided that such sentence shall not run concurrently with any other sentence.

"Whoever not having been sentenced to the Louisiana State Penitentiary, commits the crime of simple escape, shall be imprisoned for not more than one year, provided that such sentence shall not run concurrently with any other sentence."

In 1968, the Legislature enacted two amending statutes defining simple escape and fixing the penalty. Apparently in response to the United States Supreme Court decision in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), relating to jury trials, the Legislature enacted Act 647 of 1968 reducing the penalty of non-penitentiary escape to a fine of not more than five hundred dollars or imprisonment for not more than six months or both. During the same session, the Legislature also adopted Act 189 redefining simple escape so as to include the failure of a prisoner to return from his employment in a work release program.

Thus, at the same session, one statute reduced the penalty for simple escape without changing the definition. The other statute enlarged the definition but left the penalty unchanged.

The 1969 Legislature enacted Act No. 174, adding LSA-R.S. 14:110.2 to the Criminal Code. The statute provides:

"*Notwithstanding the provisions of any other law to the contrary, includ-*

*ing the provisions of R.S. 14:110,* simple escape from the Louisiana State Penitentiary is the intentional departure of a person while imprisoned at said penitentiary, and under circumstances wherein human life is not endangered, from the custody of any official, officer or employee of said penitentiary or any other law enforcement officer of the State of Louisiana or a political subdivision thereof or from any place where such person is lawfully detained.

"Whoever commits the crime of simple escape from the Louisiana State Penitentiary shall be imprisoned at hard labor for not less than five years nor than ten years, provided that such sentence shall not run concurrently with any other sentence." (Italics ours).

After the addition of R.S. 14:110.2 to the Criminal Code, it was quite clear that sections 110 and 110.2 covered separate offenses. LSA-R.S. 14:110.2 dealt with those persons who had been actually imprisoned in Louisiana State Penitentiary, while LSA-R.S. 14:110, as a residuary statute, dealt with those persons who had been sentenced to the penitentiary but had not yet been imprisoned there. Hence, both statutes were valid and enforceable.

Later, the Legislature enacted Act No. 290 of 1970, providing:

"Section 1. Section 110 of Title 14 of the Louisiana Revised Statutes of

1950 is hereby amended and reenacted to read as follows:

"§ 110. Simple escape

"Simple escape is

"(1) The intentional departure of a person, while imprisoned, whether before or after sentence, under circumstances wherein human life is not endangered, from lawful custody of any officer or from any place where he is lawfully detained by any officer; or

"(2) The intentional failure or refusal of any person serving a sentence and participating in a work release program authorized by law to report to or return from his planned employment or other activity under said program.

"Whoever having been sentenced to the Louisiana State Penitentiary, commits the crime of simple escape shall be imprisoned at hard labor for not less than two years and not more than five years; provided that such sentence shall not run concurrently with any other sentence.

"Whoever not having been sentenced to the Louisiana State Penitentiary, commits the crime of simple escape shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both; provided that such sentence shall not run concurrently with any other sentence.

"Section 2. This act shall govern the penalty in all prosecutions for simple escape, regardless of when the offense was committed; provided, however, that the definition of simple escape shall be determined by the law in effect at the time the offense was committed."

Defendant contends that the 1970 statute, not only amended LSA–R.S. 14:110 but also repealed the penalty clause of LSA–R.S. 14:110.2. He points to the language of Section 2 of the Act.

The State, on the other hand, contends that the 1970 statute did no more than consolidate Acts Nos. 189 and 647 of 1968. The State asserts that the statute had no effect on the separate offense set forth in Section 110.2.

We think the defendant's position is untenable. As the trial judge pointed out in his well-written *Per Curiam*, the 1970 Act merely combines into a single statute the two 1968 acts and, in so doing, adopts the lesser of the two penalties from those acts, that of Act 647 of 1968. As both the title and body of the 1970 act indicate, it amends only Section 110. Although it contains a general clause repealing all laws in conflict with it, it has no effect on LSA–R.S. 14:110.2, because as we have noted, that section has a separate sphere of operation.

Defendant specifically contends that Section 2 of Act 290, dealing with the penalty, supersedes the penalty clause of Section

110.2. The penalty language, however, is designed to make the reduced penalty of 1970 statute applicable to all Section 110 prosecutions regardless of when the offense occurred. It has no effect on the penalty of Section 110.2.

## BILL OF EXCEPTIONS NO. 2:
### Double Jeopardy.

Included in the motion to quash the Bill of Information was also a plea of double jeopardy. The plea of double jeopardy is based upon the previous action of the Louisiana State Penitentiary Disciplinary Board. After the defendant's escape, he was called before the Louisiana State Penitentiary Disciplinary Board for his misconduct. The board ordered him placed in isolation for ten days and forfeited one-year's good time. The defendant asserts that the action of the disciplinary board constitutes former jeopardy and bars the present prosecution.

To constitute former jeopardy, the prior proceeding relied upon must have been in a court. LSA–C.Cr.P. Art. 593; State v. Turner, 241 La. 94, 127 So.2d 512 (1961). Action taken by a disciplinary board against a prison inmate provides no foundation for double jeopardy. In State v. Turner, supra, we rejected a contention identical to that made here, holding:

"The Disciplinary Board is a body authorized to enforce discipline among the inmates of the Louisiana State Penitentiary by the imposition of punitive sanctions. It is not vested with jurisdiction in criminal cases under the cited constitutional provision. Hence, it is not a court within the intendment of the codal provision, and the proceedings of the Board do not constitute former jeopardy. We conclude that the plea of former jeopardy is without merit and that the trial court properly rejected the evidence pertaining to it."

We conclude the present plea of double jeopardy is without merit.

## BILLS OF EXCEPTIONS NOS. 3 AND 4:
### Evidence of Circumstances Surrounding Defendant's Capture Following His Escape.

The defense objected to the testimony of the State's witnesses concerning the apprehension of defendant in Pointe Coupee Parish, several miles from the penitentiary. The Bills of Exceptions reserved to the admission of this testimony are not reurged in defendant's brief. As the trial judge correctly ruled, however, the evidence was admissible to establish that the defendant was away from the penitentiary when found.

## BILL OF EXCEPTIONS NO. 5:
### Special Instruction to the Jury.

Before the final arguments to the jury, the defense made a written request

for the following special instruction to the jury:

"You are charged that: A penitentiary inmate serving as a trusty guard is not an officer, employee, or official of Louisiana State Penitentiary."

The trial judge refused to give the instruction, and defendant reserved Bill of Exceptions No. 5.

Apparently, the defense theory is that if the defendant was being guarded only by inmate guards, he could not be guilty of simple escape under LSA–R.S. 14:110.2. This position is untenable. The statute applies to "the intentional departure * * from any place where such person is lawfully detained." To violate the statute, the prisoner does not have to be physically guarded by an official, officer, or employee of the penitentiary. It suffices if he was being lawfully detained.

Hence, the requested instruction would only mislead and confuse the jury.

The Bill of Exceptions lacks merit.

### BILL OF EXCEPTIONS NO. 6:
#### Motion In Arrest of Judgment.

■ The motion in arrest of judgment, overruled by the trial judge, makes the novel contention that the use of inmate guards at the penitentiary rendered defendant's detention there unlawful because such incarceration was cruel and unusual punishment and that his sentence for sim-

ple escape for removing himself from that incarceration was also cruel and unusual punishment. Defendant relies upon Holt v. Sarver, 309 F.Supp. 362, a United States District Court decision holding the inmate guard system and other conditions at the Arkansas Penitentiary tantamount to cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution.

Decisions of a United States District Court, though persuasive, are not binding upon this Court. Whatever the demerits of the inmate guard system may be, we know of no theory whereby such a system bars an inmate's prosecution for escape from the penitentiary. To so hold would allow correctional deficiencies to destroy the power of the courts to execute their sentences of imprisonment.

We conclude that the Bill of Exceptions is without merit.

For the reasons assigned, the conviction and sentence are affirmed.

DIXON, Justice (dissenting).

I respectfully dissent from that portion of the opinion dealing with the validity of the sentence.

According to the language contained in them, Act 290 of 1970 and Act 174 of 1969 cover the same offense. Penal statutes must be strictly construed. The later act prevails. Therefore, the maximum sen-

tence for simple escape from the penitentiary is five years.

BARHAM, Justice, (dissenting).

The bill of information charges that Robert C. Coney "committed the offense of *simple escape as defined in R.S. 14:110.2*", in that "the said Robert C. Coney *while imprisoned at the Louisiana State Penitentiary* did intentionally depart, under circumstances wherein human life was not endangered from the lawful custody of an officer, official or employee of the Louisiana State Penitentiary and from a place where he was lawfully detained by said Officer, employee or official". (Emphasis here and elsewhere is mine.)

R.S. 14:110, which defines the offense of simple escape and prescribes penalties, was amended and reenacted by the 1968 Legislature, Act No. 189, in order to include within the definition of simple escape the failure of a criminal serving a sentence to *report to or return from work under an employment program.* The old penalties were retained, so that those having been sentenced to Louisiana State Penitentiary who escaped would receive sentences of not less than two nor more than five years and those not sentenced to the penitentiary who escaped would be imprisoned for not more than one year.

At the same session (1968), in response to the decision in Duncan v. Louisiana, 391

U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, Act No. 647, Section 1, amended and reenacted numerous sections of Title 14 of the Revised Statutes of Louisiana, including Section 110. While the Legislature intended by Act No. 647 only to reduce the penalty for simple escape before sentence from one year to $500.00 and/or six months, the legislators were apparently not cognizant that Act No. 189 had been passed which included in the definition of simple escape the failure to report to or return from work. So for all practical purposes R.S. 14:110 (although appearing in two forms) read as follows after the 1968 session:

"§ 110. Simple escape

"Simple escape is:

"(1) The intentional departure of a person, *while imprisoned, whether before or after sentence,* under circumstances wherein human life is not endangered, from lawful custody of any officer or from any place where he is lawfully detained by any officer; or

"(2) The failure of a criminal serving a sentence and participating in a work release program althorized by law to report to or return from his planned employment or other activity under said program.

"Whoever *having been sentenced* to the Louisiana state penitentiary, commits the crime of simple escape, shall be imprisoned at hard labor for *not less than two years and not more than five years,* provided that

such sentence shall not run concurrently with any other sentence.

"Whoever *not having been sentenced* to the Louisiana state penitentiary, commits the crime of simple escape, shall be fined *not more than five hundred dollars, or imprisoned for not more than six months or both*; provided that such sentence shall not run concurrently with any other sentence."

Then, Act No. 174, Section 1, of 1969 amended Title 14 by adding Section 109.1 which defined aggravated escape from the Louisiana State Penitentiary and fixed punishment at from 10 to 20 years, and by adding Section 110.2 which defined simple escape from the Louisiana State Penitentiary and fixed the penalty for that offense at not less than five nor more than ten years. R.S. 14:110.2 provided:

"§ 110.2 Simple escape from Louisiana State Penitentiary

"Notwithstanding the provisions of any other law to the contrary, including the provisions of R.S. 14:110, simple escape from the Louisiana State Penitentiary is the intentional departure of a person *while imprisoned at said penitentiary,* and under circumstances wherein human life is not endangered, from the custody of any official, officer or employee of said penitentiary or any other law enforcement officer of the State of Louisiana or a political subdivision thereof or from any place where such person is lawfully detained.

"Whoever commits the crime of simple escape from the Louisiana State Penitentiary shall be imprisoned at hard labor for *not less than five years nor more than ten years,* provided that such sentence shall not run concurrently with any other sentence."

In 1970 Act No. 290 was enacted, providing:

"*Section 1.* Section 110 of Title 14 of the Louisiana Revised Statutes of 1950 is hereby amended and reenacted to read as follows:

"§ 110. Simple escape

"Simple escape is

"(1) The intentional departure of a person, while imprisoned, whether before or after sentence, under circumstances wherein human life is not endangered, *from lawful custody of any officer* or *from any place* where he is lawfully detained by any officer; or

"(2) The intentional failure or refusal of any person serving a sentence and participating in a work release program authorized by law to report to or return from his planned employment or other activity under said program.

"Whoever *not having been sentenced to the* Louisiana State Penitentiary, commits the crime of simple escape shall be imprisoned at hard labor for *not less than two years and not more than five years*; provided that such sentence shall not run concurrently with any other sentence.

"Whoever not having been sentenced to the Louisiana State Penitentiary, commits the crime of simple escape shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both; provided that such sentence shall not run concurrently with any other sentence.

"*Section 2. This act shall govern the penalty in all prosecutions for simple escape, regardless of when the offense was committed; provided, however, that the definition of simple escape shall be determined by the law in effect at the time the offense was committed.*

"* * *" (Section 3 is the severability clause and Section 4 the repealing clause.)

The question presented for determination is the effect of the enactment of Act No. 290 of 1970 upon R.S. 14:110.2, enacted by the 1969 Legislature.

The first section of Act No. 290 of 1970 amends and reenacts R.S. 14:110. The second section, separate and apart from reenacting R.S. 14:110, states expressly: "This act shall govern the penalty in *all prosecutions* for simple escape * * *." Since Section 2 is so explicit and Section 1 defines simple escape to be the "intentional departure of a person, *while imprisoned*," from "*any* officer or from *any* place", I am of the opinion that R.S. 14:110.2 was not only denuded of its penalty provision but was actually repealed.

I do not believe that simple escape from the Louisiana State Penitentiary as defined by R.S. 14:110.2 was intended to be a separate crime but rather to be a grade of the offense of "simple escape". But even when it is considered as a grade of that offense, it is difficult to rationalize the special classification adopted by the Legislature in 1969. Why should those who escape from isolated Angola and the other branches of the Louisiana State Penitentiary in remote and rural areas be more heavily penalized than those who escape, after sentence to that institution but before incarceration there, in heavily populated urban areas throughout the state? Moreover, why should the penalty for this grade have been so drastically increased— two and one-half times the minimum and two times the maximum of the penalty provided in another statute which included and still includes the identical offense? I realize, of course, that a determination of reasonableness in regard to legislative enactments ordinarily becomes a function of the court only under a claim of unconstitutionality which is not urged here. However, we are here faced with a conflict in penalties under two statutes for the crime of simple escape, which is by definition an offense not endangering human life. A determination of how severe the punishment is under R.S. 14:110.2 may be made by a reading of the Criminal Code and a comparison with the penalties under of-

fenses pertaining to the person where human life is endangered or taken.*

Here we are to ascertain the prevailing legislative intent by a construction of two statutes. One construction, that of the majority, will allow imposition of what appears to me unequal, unreasonable, and unusually severe punishment. I would construe the legislation so that a less severe and a uniform penalty would be imposed. I have concluded by a simple reading of the provisions of amended and reenacted R.S. 14:110 that R.S. 14:110.2 is repealed, and that R.S. 14:110 prevails as the only simple escape statute in Louisiana. Bolstering this conclusion is my determination that the imposition of the less severe penalty and a uniform penalty for simple escape is a reasonable and just intendment of the Legislature. If there is ambiguity in the statutes or doubt as to proper construction, an examination for reasonableness and justice is a permitted technique for determining legislative intent.

Just as the Legislature has a right to define grades of an offense and to impose increasingly severe penalties according to grade, it has the right to declassify. I am persuaded that under the latest legislative enactment there is only one offense, simple escape, with the graded penalties for

---

* See simple battery (R.S. 14:35) and aggravated assault (R.S. 14:37), not more than six months; aggravated battery (R.S. 14:34), not more than ten years;

before and after sentence; that this act of 1970 included within its scope both R.S. 14:110 as amended in 1968 and R.S. 14:-110.2 as enacted in 1969, and that R.S. 14:-110.2 was thereby repealed. Accordingly we should quash the bill of information drawn under this provision and allow the defendant to be prosecuted under R.S. 14:110. I respectfully dissent.

negligent homicide (R.S. 14:32), not more than five years; manslaughter (R.S. 14:31), not more than 21 years.