**James CLACK, Plaintiff-Appellant,**

v.

**Henry A. REID, Jr., Sheriff of Calcasieu Parish, Louisiana, Defendant-Appellee.**

**No. 29035.**

United States Court of Appeals,
Fifth Circuit.

April 22, 1971.

---

**802**

Hardy M. Parkerson, Lake Charles, La., for plaintiff-appellant.

Frank T. Salter, Jr., Dist. Atty., Lake Charles, La., for defendant-appellee.

Before COLEMAN, INGRAHAM, and WILKEY *, Circuit Judges.

COLEMAN, Circuit Judge:

The petitioner-appellant, James Clack, was convicted in the Louisiana State Courts of the possession of marijuana, LSA–R.S. 40:962. The Louisiana Supreme Court affirmed, State v. Clack, 1969, 254 La. 61, 222 So.2d 857. Raising the same issues litigated in that appeal, and before he was transferred from the parish jail to the state penitentiary, Clack applied to the United States District Court for a writ of habeas corpus. Acting on the basis of the record compiled in the state court, Judge Edwin F. Hunter dismissed the petition as amounting to an attempt to prosecute an appeal to the United States District Court from the State Supreme Court. We affirm in part, but in part we find it necessary to vacate and remand for further proceedings.

On February 9, 1968, the sheriff's office for Calcasieu Parish, Louisiana, sent deputies, with a search warrant, to

* Judge of the United States Court of Appeals for the District of Columbia, sitting by designation.

the home of James Clack, 54 years of age, 1105½ South Division Street, Lake Charles, Louisiana. Upon entering the home the officers heard water running and proceeded to check the bathroom. They there found that the commode had been flushed but that it contained a small brown paper bag. Numerous bottles and vials containing tablets were also found. All of these and some of Clack's clothing were turned over to the State Crime Laboratory for analysis. Clack was placed under arrest for possession of marijuana.

Through his attorneys, Clack filed three motions—to suppress the evidence, for production and examination of one-half of the marijuana gleanings allegedly taken from his clothing, and for a speedy trial.

The motions to suppress and for production and examination were over-ruled. The defendant then plead not guilty and trial was set for June 10, 1968. However, on that date the State elected to try a case against one Jay Assunto and to try defendant's case at the conclusion of the Assunto prosecution. The defendant reserved a bill of exception to the two week delay, but the trial judge found no prejudice.

At the trial Clack objected to certain remarks made by the State in its opening statement. The objection was over-ruled. The remarks so objected to were as follows:

"The State intends to offer in proof that James Clack knew that what he had in his pockets was marijuana, and that he had the intent to possess it by the fact that on—in October of 1967 [a date prior to the offense for which he was being tried] while he was under arrest he—his clothes were examined at the jail at the time and gleanings of marijuana were found in his pockets, which will then preclude the fact that he did not have any intent or did not know what marijuana was."

The defendant objected on the grounds that the State made reference to prior arrests which is generally inadmissible as evidence. The trial judge in his per curiam on the bill of exception ruled that the commission of similar acts on prior occasions to prove guilty knowledge and intent is admissible under the authority of State v. Johnson, 1955, 228 La. 317, 82 So.2d 24. The *Johnson* case found its authority from LSA–R.S. 15:445 and 15:446. These authorities were cited in over-ruling the defendant's objection to the testimony of a deputy sheriff regarding gleanings of marijuana allegedly found in the possession of the defendant on a prior occasion.

The State called Ray Heard, an expert from the State Crime Laboratory, to testify concerning the gleanings of marijuana found in Clack's pants. He testified that the gleanings contained 1% to 3% marijuana and were mixed with tobacco. On cross examination the defense asked Heard to separate the tobacco from the marijuana so that it could see the amount of marijuana in the gleanings. Heard stated that he could easily do this with a microscope. At this point the defense moved that: "The witness Ray Heard, obtain a microscope and separate the marijuana from the tobacco in Exhibits S-3 and S-4". The motion, upon objection, was over-ruled. The State then rested its case [Page 13, State Trial Transcript].

There was a microscope available in the sheriff's office. When the time came for the defense to present its case no effort was made to recall Heard or to use the readily available microscope.

Finally, the defendant reserved a bill of exceptions to the action of the trial court in over-ruling his motion for production and examination of the evidence. The trial judge answered this exception by stating that there is no discovery in a criminal action in Louisiana [except for confessions purportedly given by the accused] and cited as authority, State v. Hunter, 1967, 250 La. 295, 195 So.2d 273.

The jury, after deliberating for forty-six minutes, returned a verdict of guilty as charged. Clack promptly appealed to the Louisiana Supreme Court.

The issues heard and decided on the state appeal were identical to those sought to be raised on habeas corpus.

The State Supreme Court, 222 So.2d 857, supra, held as follows:

1. Judge Cutrer did not abuse his discretion in resetting the trial for a date two weeks later than that originally scheduled;

2. Under Louisiana law, the possession of marijuana to be unlawful must be intentional, hence it was permissible to show prior possession on the issue of knowledge and intent;

3. There was no error in sustaining the objection to the microscopic examination of the marijuana gleanings to ascertain the proportions attributable to tobacco and to marijuana since the volume of the weed possessed is immaterial. The possession of any amount is prohibited and, of course, gleanings in the pocket are circumstantial evidence of the possession therein of larger amounts;

4. Under state law the defendant, except in cases of confessions allegedly given by him, is not entitled to inspect the evidence against him prior to trial.

■ We agree that deferring Clack's trial for two weeks did not deny him a constitutionally guaranteed speedy trial. Moreover, the record is devoid of any proof which would indicate that the delay in any way prejudiced his defense. See United States v. Auerbach, 5 Cir., 1969, 420 F.2d 921, cert. denied 399 U.S. 905, 90 S.Ct. 2195, 26 L.Ed.2d 560.

■ The admission of the evidence to the effect that Clack on a prior occasion, even if under arrest at the time, had marijuana in his pockets constituted no invasion of his federally guaranteed rights, the proof being directed solely to his knowledge and intent on the occasion then under trial. Among numerous other cases, see: Weiss v. United States, 5 Cir., 1941, 122 F.2d 675, 682, cert. denied 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed.

550; Pardo v. United States, 5 Cir., 1966, 369 F.2d 922; Gilstrap v. United States, 5 Cir., 1968, 389 F.2d 6, cert. denied 391 U.S. 913, 88 S.Ct. 1806, 20 L. Ed.2d 652; Bruinsma v. United States, 5 Cir., 1968, 402 F.2d 261.

■■ To deny a defendant a fair opportunity to present competent proof in his defense is the denial of a fair trial and of due process. We are unable to see why, in the exercise of his discretion, the state trial judge declined to send for the microscope and allow the witness Heard to examine the marijuana gleanings in the presence of the jury. It would have required no great length of time. It could not have prejudiced the State as Heard had already sworn that the gleanings contained marijuana. Nevertheless, there was no error of constitutional proportions in this episode. The motion was thus framed by counsel for Clack (addressing Heard):

Q. I would like for you to take these gleanings and separate the marijuana from the tobacco so we could see specifically how much marijuana was in each one of those little residues.

A. I can give a fairly close estimation of it without looking under a microscope. [Trial Transcript, p. 75]

In the first place, the deliberate possession of any amount of marijuana violated the statute. Next, counsel made no announcement that he pursued this line of inquiry for the purpose of laying a predicate to impeach Heard. Lastly, this occurred before the State rested. When the defense came to bat it very easily could have sent for the microscope, recalled Heard, and pursued its questions.

This skirmish, although Clack lost it, does not, in our opinion, rise to federal constitutional status.

We next consider the denial, prior to trial, of Clack's motion that he be allowed to examine the alleged marijuana gleanings.

In State v. Hunter, 1967, 250 La. 295, 195 So.2d 273, the Louisiana Supreme

Court elaborately considered and reaffirmed its long standing rule that except as to confessions allegedly given by defendants there can be no pre-trial inspection of the evidence upon which the prosecution relies for a conviction.

From prior decisions, we are well aware that the prosecution may not suppress or withhold evidence favorable to a defendant. See, i. e., Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, and their numerous progeny.

In the instant case, however, the State did not suppress the gleanings. They were presented at the trial and described by experts.

This leaves only this question: Did due process mandatorily require the granting of Clark's motion for an examination of a portion of the marijuana?

Under ordinary circumstances the answer is left to the exercise of sound judicial discretion. See, e g., Rule 16(b) Federal Rules of Criminal Procedure.

We note, however, that a state court, the Supreme Court of Mississippi, has very recently considered and decided the issue in a marijuana case, Jackson v. State, 243 So.2d 396 (Miss., 1971). Jackson had allegedly been apprehended in the possession of twelve match boxes of marijuana. His motion for a sample of sufficient size and quantity to enable an independent chemist to determine whether marijuana was present was denied by the trial court. The Mississippi Supreme Court reversed, saying, 243 So. 2d at 397:

"In Armstrong v. State, 214 So.2d 389, 596 (Miss.1968), we recognized the developing trend toward allowing inspection by the defendant of tangible evidence. After discussion of all pertinent authority, we stated:

"It is becoming increasingly clear from a study of the foregoing authorities that, although the trial judge has discretionary power in determining whether or not tangible evidence in the possession or under the control of the prosecuting attorney should be given to the defendant for his inspection, nevertheless, the defendant should be permitted to inspect tangible evidence which may be used against him or which may be useful in his defense. This does not mean that a defendant may peruse the private files of a prosecuting attorney or examine his private notes. It does mean, however, that the concept of 'due process' and 'fair trial' requires that material, tangible evidence must not be concealed from the defendant who is accused of crime. There is no good reason why the defendant in a civil case should be entitled to more liberal right to tangible evidence in the possession of his adversary under the authority of section 1659, Mississippi Code 1942 Annotated (1956) than is a person under a serious criminal charge.

"The guilt or innocence, prison sentence or acquittal, of the defendant depends entirely upon the identification of the contents of the boxes as marijuana. This substance was relevant, material, competent and, in fact, necessary evidence to defendant's conviction. Under this circumstance we are of the opinion that due process of law requires, upon the court's attention being directed thereto by motion, that the analysis of the substance not be left totally within the province of the state chemist. The defendant having made proper and timely motion for a portion of the substance, it should have been made available to his attorney, as an officer of the court, and under such safeguards as the trial court deemed necessary, for inspection and analysis. We hasten to add that this opinion is limited to the alleged possession or sale of a prohibited substance where the outcome of the case is dependent upon its identification as contraband. We conclude, therefore, that the lower court erred in not sustaining the defendant's motion for a portion of the seized substance."

There is, however, this additional difficulty with this case. The *habeas*

proceedings were brought against the county sheriff before Clack was delivered to the penitentiary. The State of Louisiana, evidently, through inadvertence of some kind, was not notified of this appeal. It has filed no brief and did not appear for oral argument. An appropriate regard for the State in the prosecution of state cases requires that on the issue of pre-trial examination of the alleged contraband the State should be given an opportunity to be heard.

The judgment of the District Court, then, will be affirmed on all issues except that dealing with the pre-trial examination of the marijuana.

As to that issue the judgment of the District Court is vacated and remanded for appropriate notice to the State and subsequent decision of the District Court.

In part affirmed.

In part Vacated and Remanded.