338 So.2d 690 (1976)
STATE of Louisiana
v.
Randy CLARK.
No. 58055.
Supreme Court of Louisiana.
October 6, 1976.
Rehearing Denied November 5, 1976.
*691 Frank Bright, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., B. Woodrow Nesbitt, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
On November 10, 1975 defendant Randy Clark was indicted by the Caddo Parish Grand Jury for distribution of methamphetamine, a controlled dangerous substance, in violation of R.S. 40:968. He was tried before twelve jurors who, on January 15, 1976, returned a verdict of guilty as charged. On March 3, 1976 the prosecution filed a third offender bill of information on the basis of which the judge sentenced defendant to fifteen years at hard labor on March 15, 1976. The defendant reserved nine assignments of error but on appeal abandoned two. Due to our disposition of this case we need only discuss Assignment of Error No. 2.
At defendant's trial it was established that on September 3, 1975 agent Noel Reed of the Louisiana State Police narcotics division and informant, John David Emmons, arranged a purchase of methamphetamine from defendant. Both agent Reed and Emmons testified that Emmons' person and car were searched to ascertain whether he had any controlled dangerous substances in his possession; no controlled dangerous substances were discovered. Emmons was given $50.00, the prearranged purchase price for two grams of methamphetamine, and he then proceeded to Wilson's Department Store parking lot to meet the defendant. Emmons testified that he and defendant got in Emmons' car and Emmons gave defendant $50.00 in exchange for two grams of methamphetamine. Agent Reed watched this transaction but testified that he did not actually see the money and methamphetamine change hands due to his angle of vision. After defendant left, Emmons surrendered two grams of methamphetamine to agent Reed and a search of Emmons did not produce the marked money.
Defendant put on no evidence but his cross-examination of the State's witnesses revealed that the defense contention was that no crime had been committed. The defense apparently attempted to establish that the paid informer, Emmons, was biased and that he had somehow "framed" the defendant. The defendant elicited such facts as the lack of a thorough search of Emmons' car and the failure to find the marked money in defendant's possession in order to supplement the inference that Emmons was not credible and had fabricated the alleged sale.
At an early stage of the State's case in chief the prosecution sought to introduce evidence that the defendant also distributed methamphetamine to David Emmons on September 19, 1975. The defense objected on the grounds that this evidence was irrelevant and, in any event, too prejudicial. The objection was overruled and forms the basis for defendant's Assignment of Error No. 2. Defendant's objection at the trial level raises the issue of whether this extraneous *692 offense fits within any established exception to the rule prohibiting the introduction of "other crimes" evidence.
The evidence of the extraneous offense consisted of the following:
On September 19, 1975 John David Emmons and agent Reed arranged a purchase of methamphetamine from defendant. The transaction was confected in similar fashion to the first. Emmons was searched and then given $100.00 to purchase five grams of methamphetamine. Emmons, accompanied by another narcotics agent, Ms. Bell, proceeded to defendant's house trailer. The sale was consummated in defendant's bedroom outside the presence of agent Bell. Emmons and the agent then met with agent Reed whereby a search revealed five grams of methamphetamine but no money. The evidence of this transaction was elicited from Emmons, Reed, Bell and another narcotics agent.
Defendant concedes that all the technical requirements established by State v. Prieur, 277 So.2d 126 (La.1973) were followed. However, he argues that the evidence was irrelevant and its admission constitutes reversible error. R.S. 15:445 provides:
"In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction."
R.S. 15:446 provides:
"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offense for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."
State v. Moore, 278 So.2d 781, 785 (La. 1973), held that in order to be admissible evidence of extraneous offenses must be independently relevant to prove an element of the State's case and the probative value of the evidence must outweigh its prejudicial effect. R.S. 40:968 only requires that the prohibited acts be "knowingly or intentionally" done and thereby only requires a general criminal intent.[1] Since this intent is established by mere proof of voluntary distribution, intent was not an issue in the case. State v. Banks, 307 So.2d 594, 597 (La.1975).[2]
State v. Moore, supra, in construing R.S. 15:435[3] also held that nothing may be given in evidence which does not tend to prove or disprove a matter in issue. "In explaining whether the evidence of other crimes might be relevant, the `matter in issue' must be real and genuine, and not one which the prosecution conceives to be at issue merely because of the plea of not guilty."[4] The defendant was adequately identified by both Emmons and agent Reed as the person who sold Emmons the methamphetamine on September 3, 1975. In addition, the defendant's cross-examination of the State's witnesses did not contest this identification and defendant did not attempt to raise any issue of identification in defense. Thus, the extraneous offense was completely unnecessary to prove identity *693 because it was not truly a "matter in issue."[5]
We have said that in narcotics possession and distribution cases the State has the burden of proving "guilty knowledge." E.g. State v. Knight, 298 So.2d 726 (La.1974); State v. Kreller, 255 La. 982, 233 So.2d 906 (1970). However, the prosecution can not introduce an extraneous offense under the guise of proving "guilty knowledge" when in fact it is not a genuine matter in issue.
If the jury believed the informer's testimony, the evidence established that the defendant gave two grams of methamphetamine to Emmons in exchange for $50.00. The defense rested, if on anything, on the lack of credibility of the State's primary witness, Emmons. The defense did not in any way contend that the defendant possessed the drugs accidentally or without an awareness of the substance's illegal nature, only that a crime was fabricated by the informer. Since the prosecution has the burden of proving every element of the offense in its case in chief, it cannot wait to see whether defendant will raise in his defense the absence of "guilty knowledge." The price paid for the substance and the nature of the transaction, itself, in the case before us, adequately established "guilty knowledge." In the absence of proof to the contrary, no reasonable man could conclude that defendant in these surreptitious circumstances was knowingly receiving $50.00 for two grams of a substance the nature of which he was not aware. Guilty knowledge was not a genuine "matter in issue" and, thus, did not form "an essential part of the inquiry." R.S. 15:446. The evidence served its true purpose of fully placing defendant's bad character before the jury and, as such, constitutes reversible error.[6]State v. Harrison, 291 So.2d 782 (La.1974); State v. Moore, supra.
For the foregoing reasons, the conviction and sentence are reversed and the case is remanded to the trial court for a new trial.
DENNIS, J., concurs, being of the view that the State may use the evidence of the prior offense in rebuttal in a proper case where the defendant has raised issues of intent or identity, which were not present here.
SANDERS, C.J., and SUMMERS, J., dissent.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
In my view, the evidence of this similar act was clearly admissible to show system, knowledge and intent under La.R.S. 15:445 and 446. Moreover, the probative value of the evidence outweighed its prejudicial effect. Accordingly, I respectfully dissent.
NOTES
[1] R.S. 14:11; State v. Banks, 307 So.2d 594 (La.1975); State v. Scott, 278 So.2d 121 (La. 1973).
[2] Thus, State v. Medlock, 297 So.2d 190 (La. 1974), is distinguishable since it dealt with a charge of possession with the intent to distribute and required proof of specific intent.
[3] "The evidence must be relevant to the material issue."
[4] State v. Moore, 278 So.2d 781, 785-786 (La. 1973):

"The mere theory that a plea of not guilty puts everything material in issue is not enough for this purpose. The prosecution cannot credit the accused with fancy defences in order to rebut them at the outset with some damning piece of evidence.' R. v. Thompson (1918) A.C. 221, 232."
[5] This case is thus distinguishable from State v. Banks, 307 So.2d 594 (La.1975), wherein the defendant contended that the witness who identified him as the perpetrator of the crime for which he was on trial made a mistake as to the identity of the accused. Thus, in order to refute this allegation it was relevant to elicit evidence of a similar transaction in which the same witness had identified the accused.
[6] State v. Kibby, 294 So.2d 196 (La.1974), dealt with a similar issue of whether the extraneous offense admitted in that prosecution for distribution of marijuana was error. Although noting that the evidence was admissible to show "guilty knowledge," the court stated that the evidence was "clearly admissible for the purpose of showing the opportunity of the agent [a witness to both the crime charged and the other offense] to correctly identify the accused." As such the case is consistent with State v. Banks, 307 So.2d 594 (La.1975), and is not in conflict with this opinion. Likewise, State v. Lewis, 294 So.2d 204 (La.1974), is not contrary to this decision since the issue there was whether the proper procedural guidelines had been complied with. The court held that the defendant's objection on this ground was without merit since the defendant had introduced the issue of other crimes into the case.

Those cases which were decided before State v. Prieur, 277 So.2d 126 (La.1973) and State v. Moore, 278 So.2d 781 (La.1973), and apparently conflict with this case are not persuasive since Prieur and Moore mandate a closer analysis of the relevance of extraneous offenses than previously obtained. To the extent post Prieur and Moore cases conflict with this opinion, this court is of the opinion that the analysis contained herein provides the better approach.