754 So.2d 1128 (2000)
STATE of Louisiana
v.
Damond LOCKETT.
No. 99 KA 0917.
Court of Appeal of Louisiana, First Circuit.
February 18, 2000.
Rehearing Denied March 30, 2000.
*1129 Doug Moreau, Creighton B. Abadie, Office of District Attorney, Baton Rouge, for State of Louisiana.
Gwendolyn K. Brown, Louisiana Appellate Project, Baton Rouge, for Defendant-Appellant Damond Lockett.
Before: SHORTESS, C.J., PARRO, and KUHN, JJ.
PARRO, J.
The defendant, Damond Lockett, was charged by bill of information with possession of cocaine, in violation of Louisiana Revised Statute 40:967(C). He pled not guilty and, after trial by jury, was found guilty as charged. The state filed a habitual offender bill of information and, after a hearing, the defendant was adjudicated a second felony habitual offender. He received an enhanced sentence of ten years of imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence.
The defendant has appealed, alleging six assignments of error. The fifth and sixth assignments address the sentence and the denial of the motion to reconsider sentence and are essentially repeated in the brief filed with the companion appeal, State v. Lockett, 99-0918 (La.App. 1st Cir.2/18/00) (unpublished), in which the defendant separately appeals his habitual offender adjudication and sentence. Because we find reversible error in connection with assignments of error numbers one and three, we pretermit consideration of the remaining assignments of error.

FACTS
On the evening of January 16, 1997, East Baton Rouge Parish Sheriff's Deputies Rodney Walker and Darryl Michelli were patrolling the Gardere Lane area when they observed a vehicle driven by the defendant make a right turn without signaling. Although they activated the lights and siren of their unit, the defendant's vehicle traveled a few blocks before turning into an apartment complex parking lot. Two individuals exited the passenger side and fled into one of the apartments, which belonged to the defendant's mother, Bertha Woodard. These individuals were later identified as the defendant's younger brother, Eddie Murphy, and his friend, nicknamed "Pokey." When the defendant exited the vehicle, the deputies allegedly observed him drop a plastic bag of cocaine to the ground.
At the trial, both deputies testified unequivocally that they saw the defendant drop the plastic bag of cocaine as he exited his vehicle after the traffic stop. However, Ms. Woodard testified that, inside her apartment, Murphy informed Pokey that Murphy had dropped some cocaine. The defendant also testified and specifically denied *1130 any possession of cocaine. The defense suggested that the cocaine seized from the parking lot could have been dropped by the defendant's brother when he fled from the vehicle into his mother's apartment.

OTHER CRIMES EVIDENCE
In the first assignment of error, the defendant contends the trial court erred in allowing the state to introduce other crimes evidence. In the third assignment of error, the defendant contends the trial court erred in denying the motion for a new trial. One of the grounds of the motion for a new trial related to the introduction of the other crimes evidence.
Generally, evidence of criminal offenses other than the offense being tried is inadmissible as substantive evidence because of the substantial risk of grave prejudice to the defendant. State v. McDermitt, 406 So.2d 195, 200 (La.1981). In order to avoid the unfair inference that a defendant committed a particular crime simply because he is a person of criminal character, other crimes evidence is inadmissible unless it has an independent relevancy besides simply showing a criminal disposition. State v. Lafleur, 398 So.2d 1074, 1080 (La.1981).
Louisiana Code of Evidence article 404(B)(1) provides:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
The defendant had a prior conviction for possession of cocaine. That offense occurred on February 18, 1993. The state filed a Prieur motion alleging that this prior drug conviction was admissible to prove "system, knowledge, intent and pattern of crime." After the Prieur hearing on February 17, 1998, the court took the matter under consideration. On February 23, 1998, the trial court granted the state's Prieur motion, relying upon State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972), State v. Smith, 257 La. 896, 244 So.2d 824 (1971), and State v. Clack, 254 La. 61, 222 So.2d 857 (1969).
At the trial, the facts of the prior offense were established through the testimony of Baton Rouge City Police Corporal Randall Wiedeman. Corporal Wiedeman testified that on February 18, 1993, he made a traffic stop of a vehicle driven by the defendant. He later discovered cocaine in the vehicle and in the defendant's pocket. The state also introduced a minute entry (State Exhibit 4) from December 7, 1994, reflecting a conviction of possession of cocaine.
The defendant argues the trial court erred in granting the state's Prieur motion and allowing introduction of the prior conviction at trial. The defendant primarily argues that, because he completely denied any possession of cocaine, intent and guilty knowledge were not at issue in the case. The defendant also asserts that the prior drug conviction was too old to be relevant, that it was not so unique as to establish a system or pattern, and that its admission into evidence was more prejudicial than probative. For the same reasons, the defendant argues the trial court also erred in denying the motion for new trial.
The state responds that the four-year-old conviction for cocaine possession was very similar to the instant offense and that it was not too old to be relevant. The state further argues that this prior conviction was relevant to the issues of intent *1131 and guilty knowledge and that its admission into evidence was more probative than prejudicial. Finally, the state contends that, even if the trial court erred in allowing the admission of this other crimes evidence, any such error was harmless.
Unfortunately, Clouatre, Smith, and Clack do not contain a sufficient statement of the facts (and particularly the defenses being asserted) to understand the rulings therein. On the other hand, in the later cases of State v. Frederick, 340 So.2d 1353 (La.1976), State v. Slayton, 338 So.2d 694 (La.1976), and State v. Clark, 338 So.2d 690 (La.1976), the Louisiana Supreme Court specifically addressed the exact issue presented in this case and found reversible error. In Frederick, Slayton, and Clark, cases involving distribution of drugs, the supreme court determined that intent and guilty knowledge were not at issue because the defense maintained a complete denial of the acts. Since the erroneous admission of the other crimes evidence (extraneous evidence of other drug-related activity) eroded the defense by suggesting the defendant's bad character, these convictions were reversed and remanded.
In this case, the defendant completely denied possessing cocaine. His testimony squarely contradicted that of the two police officers who indicated that they observed him drop the plastic bag containing cocaine. The state had known this theory of the defendant's case because the defendant testified at the preliminary examination. The defendant could not significantly alter his trial testimony, as doing so would expose him to a perjury charge and impeachment with his preliminary examination testimony. Under these circumstances, intent and/or guilty knowledge were not at issue. Neither was identity an issue. The defendant did not contest his identity, he simply denied possessing the cocaine. The evidence of the prior drug conviction was not so similar as to establish a pattern or system, and even if relevant to these issues, pattern or system would primarily be used to help establish identity which, as noted before, was not an issue. Therefore, the trial court erred in granting the state's Prieur motion and allowing introduction of the prior conviction at trial.
As noted above, the state argues that, if error, the admission of the prior drug conviction was harmless beyond a reasonable doubt. See LSA-C.Cr.P. art. 921. We disagree.
In Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993), the United States Supreme Court clarified the harmless error standard as follows: "The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error." In Sullivan, the Supreme Court was discussing the harmless error rule applicable to federal constitutional errors. However, the Louisiana Supreme Court has adopted this Sullivan harmless error standard for violations of Louisiana Code of Criminal Procedure article 770, assuming, of course, that the particular violation is subject to a harmless error analysis. See State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94, 100-102; State v. Bourque, 622 So.2d 198, 241 n. 20 (La.1993), overruled in part on other grounds, State v. Comeaux, 93-2729 (La.7/1/97), 699 So.2d 16, cert. denied, 522 U.S. 1150, 118 S.Ct. 1169, 140 L.Ed.2d 179 (1998). On rare occasions in cases which presented exceptional or unusual circumstances, this court has determined that a harmless error analysis is applicable to situations arising under Article 770(2). See State v. Glynn, 94-0332 (La.App. 1st Cir.4/7/95), 653 So.2d 1288, 1299-1301, writ denied, 95-1153 (La.10/6/95), 661 So.2d 464; State v. Trosclair, 584 So.2d 270, 277-279 (La.App. 1st Cir.), writ denied, 585 So.2d 575 (La.1991); State v. Hall, 558 So.2d 1186, 1190-1191 (La.App. 1st Cir.), writ denied, 564 So.2d 318 (La.1990).
*1132 In arguing for a harmless error application in this case, the state first points out the strength of its case, particularly the eyewitness testimony of two police officers who observed the defendant drop the bag of cocaine. The state also contends that, since the defendant testified, the evidence of the prior drug conviction could have been admitted anyway for impeachment of his credibility. While the state's case was strong, it nevertheless depended on the jury making a credibility determination between the police officers and the defendant. The prejudice to the defendant's credibility created by this erroneous introduction of another drug conviction cannot be measured. It certainly cannot be ruled out that the jury rejected his version of the arrest because they decided that he was a bad man who had committed another drug offense in the past.
Finally, as for the impeachment argument, the state cannot argue that the defendant would have been impeached anyway, because he might not have taken the stand if the state's Prieur motion had been properly denied. Defense counsel stated on the record that he "reluctantly" called the defendant to the witness stand.
Considering all of the circumstances, we cannot conclude that the guilty verdict actually rendered in this trial was surely unattributable to this error. Accordingly, we find that a harmless error analysis leads us to conclude the error was not harmless beyond a reasonable doubt and, therefore, this conviction must be reversed and the case remanded to the trial court for a new trial.
These assignments of error have merit.
CONVICTION REVERSED; REMANDED FOR A NEW TRIAL.
KUHN, J., dissents with reasons.
KUHN, Judge, dissenting.
The majority's reversal of the conviction is a conclusionary and mechanical approach to harmless error issues. Even if the other crimes evidence was inadmissible, any error that was created was harmless beyond a reasonable doubt.
The majority states, "While the state's case was strong, it nevertheless depended on the jury making a credibility determination between the police officers and the defendant." The two deputy sheriffs testified that as defendant exited the vehicle, they observed him drop the plastic bag of cocaine to the ground. It was the defendant's mother, Bertha Woodard, who testified that she overheard her other son, Eddie Murphy, inform Pokey that he (Murphy) had dropped the cocaine to the ground. Thus, any issue of credibility was one between the defendant's mother and the police officers.
A consideration of all the evidence is convincing that if the admission of the other crimes evidence was erroneous, it was harmless beyond a reasonable doubt. The jurisprudence does not require a mechanical consideration of harmless error issues. Rather, those issues are best resolved by consideration of all evidence and testimony in each case. As the majority states, "the State's case is strong." To then reach a conclusion that the error, if any, was not harmless is obviously inconsistent. The State's case is "strong". Accordingly, the conviction should be affirmed.