Very much the same view is expressed in the text of Underhill on Evidence.

The difference between the decisions cited by learned counsel, rendered in other jurisdictions, and the case here, is that it was held in several of the jurisdictions of the other states that another and distinct crime, not connected with the crime for which the accused is placed on trial, cannot be proved.

Here there was no purpose to prove another crime not connected with the cause for which the accused was tried. The testimony related to the cause for which an attempt was made to arrest the accused.

If the case had gone to the jury without testimony showing the cause for the arrest or attempted arrest, the state would have had no case as relates to the crime charged.

The testimony was admissible under the authorities we have cited.

The trial judge states in his narrative, made part of the bill of exceptions, that the testimony "was, therefore, necessary to justify such arrest," and that in the course of the charge he instructed the jury:

"That an arrest may also be made without a warrant when a felony has been committed, or upon a reasonable charge of the felony having been committed, or upon his own reasonable suspicion that it has been committed; that suspicion must be bona fide, and probable cause exist."

The purpose of the charge was, we infer, to direct the attention of the jury to the fact that the purpose in admitting the testimony was that they might consider the motive of the deceased officer at the time of the homicide, and that it was not a wanton or illegal attempt to arrest the accused.

There is another ground, merely stated in the brief of learned counsel for defendant, regarding witnesses incapable of realizing the sanctity of an oath.

This ground is not pressed. It is not before us in the form required.

121 La.—19

We have considered the different questions raised, and the result is as before expressed. We do not think we should disturb the verdict and the sentence from the grounds urged. It follows that we must affirm the judgment.

For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.

---

(46 South. 657.)

No. 16,597.

## HILL v. HILL.

(June 10, 1907. · On the Merits, June 8, 1908.)

### On Motion to Dismiss.

1. COURTS—SUPREME COURT—JURISDICTION.

This court has jurisdiction, irrespective of amount, of a rule to recover an amount claimed to have been overpaid in a settlement of a judgment of this court. In such a case the matter involved is the interpretation of the judgment of this court, and naturally this court alone can interpret its judgments.

### On the Merits.

2. PAYMENT—MISTAKE—RECOVERY BACK.

Plaintiff having been awarded a lump sum, with interest, less certain amounts received on account, and having been paid the amount awarded, with interest, less only the principal of the amounts so received, defendant is entitled to recover the interest on said amounts as having been paid in error.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Lillian Hill against A. M. Hill. Judgment for defendant, and plaintiff appeals. Motion to dismiss overruled, and judgment affirmed.

William Stirling Parkerson, for appellant. Dinkelspiel, Hart & Davey, for appellee.

### On Motion to Dismiss.

PROVOSTY, J. The present appeal is from a judgment making absolute a rule taken by defendant on plaintiff to show

cause why a certain amount paid by him to her as part of the settlement of the judgment rendered by this court in this case (115 La. 489, 39 South. 503) should not be returned as having been paid in error. Appellee has moved to dismiss the appeal, as involving an amount below the jurisdiction of this court, namely, $257.

The sole dispute between the parties is as to whether, under a proper interpretation of the judgment of this court, the amount was properly paid or not. The appeal was therefore properly brought to this court, since this court alone can interpret its own judgments. Brown v. Land Co., 49 La. Ann. 1779, 23 South. 292; Holstein v. Henderson, 6 Mart. (N. S.) 271; Bank v. Mayor, 35 La. Ann. 411.

The motion to dismiss is overruled.

### Statement of the Case.

MONROE, J. A judgment of separation a mensa et thoro having been rendered in favor of plaintiff, she thereafter obtained judgment against defendant for $53,425.69, with legal interest from the date of the judgment (February 6, 1905), as the value of her interest in the pre-existing community, which judgment was amended, on appeal, by the deduction of $3,150, paid her as alimony pendente lite. Hill v. Hill, 115 La. 489, 39 South. 503. The judgment so rendered having been paid on February 14, 1906, defendant thereafter proceeded against plaintiff by rule, alleging that he had overpaid her to the extent of $257 ("inasmuch as she was paid interest on the full amount of her judgment from February 6, 1905, instead of deducting therefrom interest on the partial payments of alimony made before and after that date"), and praying that she be condemned to refund that amount. The rule was made absolute, and plaintiff has appeal-

ed. The judgment appealed from was predicated upon the following admission, to wit:

"By Mr. Parkerson (for defendant in rule): It is admitted that on the 14th of February, 1906, a settlement was had, and when the judgment was settled in full no allowance was made on the alimony for payment of interest, and that the amount claimed in this rule is a proper calculation. It is further admitted that Mrs. Hill drew $150 a month for alimony, and that A. M. Hill, during the same period, drew $300 per month for his own account, the expert's report showing: 'N. B.—From the 24th of October, 1902, Mr. A. M. Hill is credited on the ledger with $300 per month as salary for managing the affairs of the community.'

"By Mr. Hart (for plaintiff in rule): To which admission, as to what Mr. Hill drew, defendant objects, on the ground that the same is irrelevant, for the reason that under the law the community between Mr. and Mrs. Hill was dissolved on the day that the suit was brought, October 24, 1902, and that in the final judgment of this cause the plaintiff was given judgment for one-half of the community as it existed on that day, and what the defendant may have used after that date is a matter with which the plaintiff has no concern, as same was not charged to her in any form in the settlement of her community rights.

"By Mr. Parkerson: It was for the purpose of showing that, at the same time when Mrs. Hill was being paid $150 per month, Mr. Hill was drawing $300 per month.

"By the Court: The objection goes to the effect."

To which ruling the plaintiff in rule reserved a bill.

### Opinion.

The judgment obtained by Mrs. Hill was predicated upon the value of the community property at the date of the institution of the suit for separation from bed and board, and interest was allowed on the whole amount awarded her. Pending the suit she was paid certain amounts as alimony, the principal of which alone was deducted in the settlement. It is clear that she was not entitled to the interest paid (in such settlement) upon the amounts which she had previously received. Curtis v. Lehmann & Co., 115 La. 45, 38 South. 887.

Judgment affirmed.