SANDERS, Chief Justice.
The defendant was charged under a bill of information, tried by a jury and *591 found guilty of simple escape from the Louisiana State Penitentiary. The court sentenced defendant to a term of five years, running consecutively with the sentence he was then serving. Defendant appeals to this Court, relying on a single bill of exceptions. A second bill of exceptions was neither briefed nor argued; consequently, it is considered abandoned. See State v. Edwards, 261 La. 1014, 261 So.2d 649; State v. Richmond, La., 284 So.2d 317.
The defendant’s bill of exceptions is to the overruling of his plea of double jeopardy raised in a motion to quash the bill of information. The double jeopardy plea is based on the prior action of the Louisiana State Penitentiary Disciplinary Board. After the defendant’s escape, he was called before this board for his misconduct. The Board ordered him placed in isolation and deprived of eight months good time. The defendant asserts that the action of the disciplinary board constitutes former jeopardy and bars the present prosecution.
The identical contention made in the plea has been answered adversely to the defendant’s position in two prior decisions of this Court. State v. Coney, 258 La. 369, 246 So.2d 793 (1971); State v. Turner, 241 La. 94, 127 So.2d 512 (1961). In order to constitute former jeopardy, the prior proceeding relied on must have been in a court. LSA-C.Cr.P. Art. 593; State v. Turner, supra. The prison disciplinary board is not a court and action taken by it provides no foundation for double jeopardy.
In State v. Turner, supra, we stated:
“The Disciplinary Board is a body authorized to enforce discipline among the inmates of the Louisiana State Penitentiary by the imposition of punitive sanctions. It is not vested with jurisdiction in criminal cases under the cited constitutional provision. Hence, it is not a court within the intendment of the codal provision, and the proceedings of the Board do not constitute former jeopardy. We conclude that the plea of former jeopardy is without merit and that the trial court properly rejected the evidence pertaining to it.”
Accordingly, we hold that the present plea of double jeopardy is without merit.
For the reasons assigned, the conviction and sentence are affirmed.