483 So.2d 1253 (1986)
Bradley R. LABROSSE, Sr., Individually and on Behalf of his Minor Son, Bradley R. Labrosse, Jr.
v.
ST. BERNARD PARISH SCHOOL BOARD.
No. CA-3800.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1986.
*1254 John F. Rowley, Dist. Atty., William P. Schuler, Asst. Dist. Atty., Chalmette, for defendants/appellants.
Sidney D. Torres, III, Chalmette, for plaintiff/appellee.
Before GULOTTA, BYRNES and LOBRANO, JJ.
*1255 LOBRANO, Judge.
This appeal arises from a judgment of the Thirty Fourth Judicial District Court for the Parish of St. Bernard reversing the St. Bernard Parish School Board's order expelling Bradley R. Labrosse, Jr. from St. Bernard High School and all other public schools in the Parish of St. Bernard.
On January 24, 1985, Bradley R. Labrosse, Jr., (Labrosse) was arrested and charged with possession of marijuana. That arrest followed an undercover investigation into drug abuse in the public high schools of St. Bernard Parish. The investigation was carried out between August of 1984 and November of 1984 by Chuck Loescher (Loescher), undercover agent for the St. Bernard Parish Sheriff's Office. Loescher was placed in St. Bernard High School disguised as a student.
On January 24, 1985, as a result of Loescher's investigation, warrants were executed charging several students with criminal activity relating to narcotics. Labrosse was charged with possession of marijuana.
At the hearing before the St. Bernard Parish School Board (the Board) relative to Labrosse's expulsion, Loescher testified to the following facts which led to the recommendation by Sam Bella (Bella), principal of St. Bernard High School, that Labrosse be expelled.
On October 29, 1984, during lunch time, Loescher approached a student named Gregg and asked if he could accompany him off-campus for lunch. Gregg responded that he (Loescher) would have to ask "Brad" (Labrosse). Loescher asked Labrosse and Labrosse replied in the affirmative. Loescher then suggested that they leave in his automobile. The boys directed Loescher to a privately owned trailer home located in the Little Gem Trailer Park a short distance from the campus. Loescher was told that the people inside the trailer would have to give their permission for him to enter. He dropped the two boys off at the trailer and went to a nearby telephone where he notified his supervisor of his whereabouts. He then returned to the trailer and was given permission to enter. Inside were Labrosse, Gregg and several other students as well as persons not attending or associated with the school system. Loescher testified that he smelled marijuana cigarette smoke and saw one of the other students light up what appeared to be a marijuana cigarette. This student took a "drag" off of the cigarette and then passed it to Loescher. Loescher pretended to take a "drag". Another student took it from Loescher, puffed it and then passed it to Labrosse. Labrosse puffed it and passed it to another person. This "round robin" procedure continued until the cigarette was almost burned out. Loescher extinguished the butt and hid it in his pocket to be used later as evidence.
Following Labrosse's arrest, school principal Bella met with Labrosse's parents on January 25, 1985 regarding the above described incident. Following this meeting, Bella sent a letter to Mr. and Mrs. Labrosse recommending that their son, Bradley R. Labrosse, Jr. be expelled from St. Bernard High School for possession of marijuana. The letter also informed them that they would be notified by the superintendent of School of the date and time that the hearing on this matter would be held. Several days later Mr. and Mrs. Labrosse received a letter from the Superintendent of School, Elizabeth A. Zimmerman, informing them that the hearing would be held on January 30, 1985 at 1:00 p.m.
The Superintendant's hearing was presided over by Mr. Charles Corne, designee of the Superintendant. Mr. Corne, after hearing the evidence, concurred with Bella's recommendation for expulsion.
From this decision, Labrosse, pursuant to LSA R.S. 17:416(C), requested a review by the St. Bernard Parish School Board. The Board hearing was held on February 11, 1985. After hearing the evidence and arguments of counsel, the Board voted to affirm the decision of the superintendant to expel Labrosse.
From this adverse ruling of the Board Labrosse petitioned the district court for *1256 injunctive relief and supervisory review of the Board's decision pursuant to LSA R.S. 17:416(C) and C.C.P. Art. 3601 et seq.
The district court found there was insufficient evidence to support the Board's decision. In its oral reasons for judgment, the trial court stated:
"The court has read all of the exhibits filed in evidence, L-1 through L-7 including the transcript that took place before the full School Board hearing, and the Court now addresses itself to 416 A. (1)(a) which states every teacher is authorized to hold every pupil to a strict countability for any disorderly conduct in school or in the street or road while going to or returning from school, or during intermission or recess. A school principal may suspend from school any pupil whonow, (I) through (V) just follows that first paragraph. Then, we come to the section at issue. That is (VI) uses tobacco, or who possesses alcoholic beverages, or any controlled dangerous substance governed by the uniform controlled dangerous substance law in any form, in school buildings, or school grounds, or on school busses owned by, contracted to, or jointly owned by any city or parish school board.
This Court is of the opinion that the Legislature in enacting the statute set forth the confines of tobacco, and alcoholic beverages and controlled dangerous substances governed by the uniform controlled dangerous substance law and specified the places, and the places are the school building, the school grounds, or the school busses.
The evidence reflects the undercover agent stated that Bradley Labrosse, seven others, including the undercover agent himself, left the school grounds on the day specified, went approximately a block away to a trailer in Little Gem Trailer Court, which is about directly across from the cafeteria of the school, and they went into a trailer.
Thereafter, the Court must hold that there was no use in a school building, a school ground or on any school bus. Nor, was it, I don't think, as it states in A(1)(a) on a road or street. They were in a private home, and secondly, there is absolutely no evidence in the record to show that the substance that Bradley Labrosse smoked was in fact marijuana.
Therefore, the preliminary injunction will issue against the School Board."
From this judgment the Board appeals asserting the following specification of error:
1) The trial court unnecessarily restricted the scope of LSA R.S. 17:416;
2) The trial court erred in holding there was no evidence to uphold the expulsion;
3) The trial court erred in substituting its opinion for that of the Board;
4) The trial court erred in not permitting hearsay evidence to establish the contents of the cigarette.
LSA R.S. 17:416(C) is the statutory authority under which the School Board is granted its power to review and either affirm, modify or reverse, based on "relevant" evidence in support thereof, the findings of the Superintendent of Schools or his designee.
LSA R.S. 49:964(A), the Administrative Procedure Act is the statutory authority which entitles an aggrieved party to judicial review of a final decision of an administrative body.
While it is true that the actions of the Board are afforded a presumption of regularity and validity, Pitcher v. Iberia Parish School Board, 280 So.2d 603 (La. App. 3rd Cir.1973), writ denied 283 So.2d 496, cert. denied, 416 U.S. 904, 94 S.Ct. 1608, 40 L.Ed.2d 109 (1973), this court has held that a reviewing court has the ultimate duty to determine whether the findings of an administrative body are supported by sufficient evidence. Hanson v. Louisiana State Racing Commission, 436 So.2d 1308 (La.App. 4th Cir.1983), citing Jacomet v. St. Landry School Board, 386 So.2d 1056 (La.App. 3rd Cir.1980), writ denied 393 So.2d 745.
*1257 The standard for review of the evidence is (1) to determine if the hearing was conducted in accordance with the authority and formalities of the statute; (2) to determine whether or not the fact findings of the body were supported by substantial evidence; and (3) whether or not the hearing body's conclusion from these factual findings were arbitrary or constituted an abuse of the hearing body's discretion. Allen v. LaSalle Parish School Board, 341 So.2d 73 at 75 (La.App. 3rd Cir.1977).
The basic premise in our law to which the reviewing court must adhere is whether the administrative body had a rational basis for its discretionary determinations and whether these determinations were supported by substantial evidence insofar as factually required. Simon v. Jefferson Davis Parish School Board, 289 So.2d 511 (La.App. 3rd Cir.1974) writ denied April 19, 1974. Only in the absence of such a rational basis does the reviewing court have a right to substitute its judgment for that of the administrative body. Simon v. Jefferson Davis Parish School Board, supra.
At the outset we observe that the record reflects no substantial dispute with regard to the facts as hereinabove outlined and clearly shows the Board complied with all the procedural formalities required by LSA R.S. 17:416.
We must now determine if the Board, in expelling Labrosse for "possession of marijuana" under the provisions of LSA R.S. 17:416 A(1)(a)(vi), did so upon fact findings supported by substantial and rational evidence.
The trial court concluded that the provisions of LSA 17:416 did not apply to Labrosse because he was not on school property at the time the incident occurred.
LSA 17:416A(1)(a) and (vi) and 17:416(B) read in pertinent part:
"A.(1)(a) Every teacher is authorized to hold every pupil to a strict accountability for any disorderly conduct in school or on the playgrounds of the school, on the street or road while going to or returning from school, or during intermission or recess. A school principal may suspend from school any pupil who: ...
* * * * * *
(vi) Uses tobacco or who possesses alcoholic beverages or any controlled dangerous substance governed by the Uniform Controlled Dangerous Substance Law, in any form, in school buildings, on school grounds, or on school buses owned by, contracted to, or jointly owned by any city or parish school board; (emphasis added)
* * * * * *
B.(1) Any student after being suspended for committing any of the offenses enumerated in this Section may be expelled, upon recommendation by the principal of the public school in which said student is enrolled, which recommended expulsion shall be subject to the provisions of Subsection C hereof...."
The Board, in its argument before this Court, concedes that the facts of this case do not sustain possession of marijuana on school grounds: but asserts that the trial court's ruling unnecessarily restricted the scope of 17:416 by not finding Labrosse violated other provisions of the statute, namely, subsections (v), (xiv) and (xvii).[1]
Hand in hand with this assertion are the other contentions by the Board that the trial court erroneously substituted its own opinion for that of the Board and found that there was insufficient evidence to support the expulsion. We disagree.
The notice of the nature and cause of the recommendation for Labrosse's expulsion given by Bella was "possession of marijuana." No other reasons were given. To convert this original charge made pursuant to LSA R.S. 17:416A(1)(a)(vi) to charges that fall under subsections (v), (xiv) and (xvii) clearly violates Labrosse's *1258 constitutional right to due notice of the nature and cause of the charges against him. Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1968). In Cole, supra, it was held that no principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge are among the most fundamental rights in any proceeding where notice is required. This basic principle of due process has been applied in administration proceedings which are adversary proceedings of a quasi criminal nature. In re Ruffalo, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117, reh. den., 391 U.S. 961, 88 S.Ct. 1833, 20 L.Ed.2d 874 (1968).
In Ruffalo, supra, an attorney was charged with soliciting Federal Employer's Liability Act plaintiffs as clients. After the hearings had begun on the original charges, the Ohio Board of Commissioners added a charge of professional misconduct based on the hiring of the investigator (a railroad employee) to investigate his own employer. In its decision reversing the Board, the Court stated:
"... In the present case petitioner had no notice that his employment of [the railroad employee as his investigator in FELA cases] would be considered a disbarment offense until after both he and [the investigator] had testified at length on all the material facts pertaining to this phase of the case ...
This absence of fair notice as to the reach of the grievance procedure and the precise nature of the charges deprived petitioner of procedural due process."
Likewise, it is as much a violation of due process to expel a student following a hearing on a charge that was never made against him. The alleged violations under subsection (v), (xiv) and (xvii) were never made against Labrosse prior to the hearing; they were not considered at the hearing; and they never formed a basis for the judgment of the Board to expel Labrosse for possession of marijuana. To interject those grounds for expulsion in these proceedings after the administrative proceedings and judicial review would violate Labrosse's constitutional due process right to notice.
As a general principle of law, the Board is correct in asserting that "all parts (here, Sections 416 A(1)(a); (v), (vi), (xiv) and (xvii)) should be harmonized, if possible, so that no provision is rendered void or meaningless." Clark v. Board of Commissioners, 422 So.2d 247 (La.App. 4th Cir.1982). However, this rule cannot preclude the Court from giving effect to the specific limitation set forth in Section (vi).
Section 416 A(a) gives teachers the power to hold students accountable for their behavior at specific places and during specific times. Clearly, the parameter of their authority is not co-extensive with that of the principal to suspend. This power to suspend a student for possession of marijuana is confined to the limitations of possession on school property and school buses. To agree with the contention of the Board that a principal seeking to suspend or expel a student may do so for possession of marijuana "during intermission or recess" when the student is off-campus but is supposed to be at school, violates another principal of statutory construction"meaning should be given, if possible, to each and every section, and the construction placed on one portion should not be such as to obliterate another ..." Clark v. Board of Commissioners, supra. To construe the language of Section 416 A(1)(a), which only details and limits a teacher's authority, as expanding the authority granted a principal would "obliterate" the limitation placed upon the principal's authority.
The scope of the charge against Labrosse was established in the notice given to him by Bella. Said notice clearly stated that Labrosse was charged with "possession of Marijuana". It did not include other allegations or offenses enumerated in LSA R.S. 17:416. Thus, Section (vi), the only suspension offense listed in R.S. 17:416 pertaining to possession of a controlled dangerous substance, such as marijuana, limits the principal's, hence the *1259 School Board's authority, to suspend or expel a student for such possession as occurs "in school buildings, on school grounds, or on school buses." This assertion by the Board is without merit.
The Board further asserts that it was error for the trial court to disregard the hearsay testimony of Loescher that the field test showed the cigarette to be positive for marijuana and in finding that there was absolutely no evidence in the record to show the cigarette did contain marijuana. There is no necessity to address this issue since we have concluded that the Board failed to prove that the alleged violation occurred on school property or school buses.
AFFIRMED.
NOTES
[1] (v) ... Is guilty of immoral or vicious practice, or of conduct or habits injurious to his associates; ...

(xiv) Leaves the school premises without permission;...
(xvii) Commits any other serious offense; ...