SCHOTT, Judge.
This is a petition by the parents of fifteen year old Christian Abadie for judicial review of action taken by the St. Bernard School Board upholding the boy’s expulsion from school. In their appeal from the judgment of the district court affirming the board’s action, the parents contend the expulsion was in violation of LSA-R.S. 17:416 A(2)(a) because Christian’s misconduct was not reported by a teacher or other school employee. Appellants also assail the proceedings because the only evidence of the offense was not treated with confidentiality by the board as required by C.J.P. arts. 122 and 123.
An undercover agent, Mr. Loescher, testified that young Abadie approached him-on school grounds and invited him to join him in smoking a marijuana cigarette. Abadie produced and smoked it in Loescher’s car in the school parking area. *597 Loescher reported the incident to the school principal who initiated expulsion proceedings against the boy.
R.S. 17:416 A(2) provides:
“Each city and parish school board shall adopt such rules and regulations as it deems necessary to implement the provisions of this Subsection, provided that such rules and regulations shall include, but not be limited to provisions under which:
(a) any teacher or other school employee may report any violation of the provisions of this Subsection;”
Appellants argue that this provision was violated because Loescher, who reported Abadie’s misconduct, was not a teacher or a school employee. This argument has no merit because the statute does not purport to prohibit anyone other than a teacher or school employee from reporting a violation. It simply requires school boards to provide in their rules a procedure for teachers and school employees to report violations. It would be untenable to construe this statute as preventing anyone other than a teacher or school employee from reporting a violation committed in his presence but not witnessed by a teacher or school employee.
Appellants’ other specification of error is that Loescher’s report to the principal of Abadie’s name without confidentiality and the failure of the school officials and board to treat the matter with confidentiality were in violation of C.J.P. arts. 122 and 123. Specifically they contend that Loescher’s report and testimony were inadmissible because they did not comply with these confidentiality requirements, and since Abadie denied the incident there was no basis for his expulsion.
This argument is based on the erroneous assumption that the articles of the Code of Juvenile Procedure are applicable to proceedings involving the discipline of pupils under R.S. 17:416. They are not. Both articles make specific reference to records which concern “matters or proceedings under the juvenile jurisdiction of the court”, i.e. the juvenile court, and they do not purport to apply to the proceedings under consideration here. We note, however, that the school board offered appellants the option of a closed hearing on this matter but they elected to have an open hearing.
Accordingly, the judgment appealed from in affirmed.
AFFIRMED.