603 So.2d 238 (1992)
William D. ALLEN, D.D.S.
v.
The LOUISIANA STATE BOARD OF DENTISTRY.
No. 91-CA-1258.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1992.
Rehearing Denied September 17, 1992.
*239 Guy Wooton, John C. Saunders, Jr., Wooton & Stakelum, APC, Brian M. Begue, New Orleans, for defendant/appellee.
Paul R. Baier, Baton Rouge, for plaintiff/appellant.
Before LOBRANO, WARD and ARMSTRONG, JJ.
LOBRANO, Judge.
This appeal arises from a judgment in favor of defendant-appellee, the Louisiana State Board of Dentistry, dismissing the Petition for Judicial Review and Injunctive Relief filed by plaintiff-appellant, Dr. William D. Allen.

FACTS AND PROCEDURAL HISTORY:
In November of 1985, the Louisiana State Board of Dentistry (the Board) filed formal charges against Dr. William D. Allen for numerous violations of the Louisiana Dental Practice Act, Louisiana Revised Statute 37:751, et seq. A total of seven (7) *240 charges were filed consisting of forty-five (45) individual counts. In due time, an administrative hearing was convened on February 21, 1986. The hearing lasted four (4) days. At the close of the hearing on February 24, 1986, the Board disciplinary committee took the matter under advisement. On March 24, 1986, the Board rendered its decision finding Dr. Allen in violation of twenty-seven (27) of the forty-five (45) counts. The eighteen (18) remaining counts were either voluntarily dismissed by the committee or by Guy Wootan, counsel for the Board. The committee suspended Dr. Allen's license to practice dentistry for ten (10) years and placed him on probation for an additional ten (10) years. In addition, he was ordered to pay twenty-five thousand five hundred dollars ($25,500.00) in fines and costs of sixty-one thousand four hundred and seventy eight dollars and nineteen cents ($61,478.19).
On March 27, 1986, Dr. Allen filed a Petition for Judicial Review and Stay Order in the Civil District Court for the Parish of Orleans. The district court remanded the matter back to the Board for a limited rehearing which was held on June 2, 1986. At the conclusion of the rehearing, the committee affirmed its prior decision in all respects. Subsequently, Dr. Allen filed several Petitions For Judicial Review in the district court, as well as supervisory writs in this Court and the Supreme Court alleging various violations by the Board including Wootan's involvement in the Board's decision. The Supreme Court granted writs and directed the district court to take evidence concerning the issue of Wootan's alleged involvement in the Board's decision. The trial court subsequently conducted a hearing on Dr. Allen's various assertions as well as the involvement of Wootan in the administrative proceedings. The court found "not a scintilla of evidence" to support the allegations against Wootan. However the court reversed six (6) of the Board's finding of misconduct. The fine was reduced to nineteen thousand five hundred dollars ($19,500.00). From that judgment Dr. Allen appealed.
In Allen v. Louisiana State Board of Dentistry, 531 So.2d 787 (La.App. 4th Cir. 1988), this Court reversed three (3) additional charges and further reduced the fine to sixteen thousand five hundred dollars ($16,500.00). In all other respects the trial court judgment was affirmed, including the district court's finding that there was no evidence to support the allegations against Wootan.
The Supreme Court granted certiorari to consider various statutory and constitutional due process questions raised by Dr. Allen, particularly those dealing with prosecutorial (Wootan's) involvement in the decision making process.[1] That court ultimately held that Wootan's "ex parte" drafting of the findings of the committee constituted reversible error and remanded the case for a hearing "de novo". Allen v. Louisiana State Board of Dentistry, 543 So.2d 908 (La.1989).
On June 29, 1989, pursuant to a timely application for rehearing, the high court modified its original decree to read as follows:
"The decision of the Louisiana State Board of Dentistry suspending the license of Dr. William D. Allen for ten years and imposing fines and costs is reversed. The case is remanded to the Board for a new hearing on the existing factual record before a committee composed of dentists who have had no involvement with the present case. Furthermore, both parties shall have the opportunity to present additional evidence to supplement the original record. The new committee may, at its discretion, permit the recall of any witnesses if it deems this necessary to pass on their credibility." Allen v. Louisiana State Board of Dentistry, 543 So.2d 908 at p. 917 (La.1989) (emphasis added)
On May 22, 1990, the committee issued an administrative order informing Dr. Allen of the charges and specifications the committee found to be still viable and set *241 the rehearing date for August 4, 1990.[2]
On July 5, 1990, the committee issued an additional administrative order correcting a clerical error[3] and finding that Dr. Allen's objection to the composition of the newly appointed committee was not properly presented by affidavit as required by Louisiana Revised Statute 49:960(B).
On July 10, 1990, Dr. Allen filed the required affidavit in which he objected to Drs. James P. Tomaszewski, Ralph B. King, Jr. and James R. Long as members of the new committee. Dr. Allen asserted that all three doctors had been previously involved in his case and should be recused as per the Supreme Court's order. In addition, Dr. Allen objected to the inclusion of charges and specifications that were found not proven or reversed by the trial court and this Court. On this same day, Dr. Allen also filed a Petition for Judicial Review and Injunctive Relief in the civil district court for the Parish of Orleans.
On July 20, 1990, following a preliminary hearing, the trial court ordered the Board to meet prior to September 1, 1990 to decide the recusal motion filed by Dr. Allen. The August 4, 1990 administrative hearing was cancelled pending the Board's decision on the recusal issue as well as other issues raised by Dr. Allen in his Petition for Judicial Review.
In the interim, the Board filed with the Supreme Court a Motion for Clarification of Decree Under Original Jurisdiction and For Stay of District Court Proceedings. It was the Board's position that since a resolution of the issues raised by Dr. Allen depended in large measure upon an interpretation of the Supreme Court's decree, only the Supreme Court had jurisdiction to interpret it. This motion, however, was denied by the high court on July 19, 1990.[4]
Thereafter, on August 25, 1990, the Board ordered the recusal of the newly appointed committee in order to avoid the appearance of unfairness. The Board immediately notified Governor Roemer of this decision and requested that he appoint four dentists not residing or working in the same congressional district as Dr. Allen and who had no prior involvement with the matter to sit as pro tem members of the committee in accordance with Louisiana Revised Statute 49:960(B). Four new committee members were appointed as requested. No new rehearing date has been set pending the outcome of this appeal.
On February 4, 1991, a preliminary hearing was held in the district court on the Petition for Judicial Review and Injunctive Relief. No evidence was taken. Thereafter, on February 25, 1991, the trial court rendered judgment denying and dismissing Dr. Allen's Petition and authorized the Board to proceed with the administrative hearing ordered by the Supreme Court. No reasons for judgment were given by the trial court. Dr. Allen appeals that judgment asserting:
1) The trial court erred by denying the Petition and Prayer for Declaratory Relief Regarding the Charges found "Not Proven" at the first administrative hearing or reversed on appeal for insufficient evidence.
2) The trial court erred in not awarding attorneys fees and expenses pursuant to Louisiana Revised Statutes 49:965.1.
These assignments require us to interpret the meaning of the Supreme Court's decree.
ASSIGNMENT OF ERROR 1:
Dr. Allen asserts that the prohibition against double jeopardy, due process and res judicata precludes the newly appointed committee from requiring him to defend himself against charges found "not proven" *242 by the prior committee[5] and charges reversed by the district court[6] and this Court.[7] We disagree.
Double Jeopardy
Article I, Section 15 of the Louisiana Constitution provides:
"Prosecution of a felony shall be initiated by indictment or information, but no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury. No person shall be twice placed in jeopardy for the same offense, except on his application for a new trial, when a mistrial is declared, or when a motion in arrest of judgment is sustained."
Dr. Allen argues that double jeopardy is applicable because the proceedings against him are "quasi criminal in nature." In support he cites Gulf States Utilities v. Louisiana Public Service Commission, 578 So.2d 71 (La.1991), cert den. ___ U.S. ___, 112 S.Ct. 637, 116 L.Ed.2d 655 (1991) and Labrosse v. St. Bernard Parish School Board, 483 So.2d 1253 (La.App. 4th Cir.1986). We find neither case controlling, nor supportive of the assertion that double jeopardy is applicable to the instant administrative proceeding.
In Gulf States the court, in discussing a due process argument, made the comment that Allen v. Louisiana State Board of Dentistry, supra, "concerned a quasi-criminal prosecution...." In our opinion that statement is dicta and does not establish a rule of law which classifies license revocation proceedings as criminal in nature. The holding in Labrosse concerned the basic principle that due process requires notice of the specific charges and a chance to be heard in a trial of those charges. Bradley R. Labrosse, Jr. had been expelled from school for possession of marijuana. The court did not characterize all administrative proceedings as quasi criminal.
We find that the holding in Louisiana State Board of Medical Examiners v. Booth, 76 So.2d 15 (La.App. 1st Cir.1954) is the better characterization of administrative proceedings involving the denial of practicing a profession. In that case the court, citing language from United States ex rel Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943), stated:
"Only actions intended to authorize criminal punishment to vindicate public justice... subject defendant to `jeopardy' within meaning of `double jeopardy' clause." at p. 19.
Following this principle the Booth court held that injunction proceedings brought pursuant to violations of Louisiana law prohibiting medical practice without a license were civil in nature and not subject to pleas of double jeopardy or res judicata. See also, In re Soileau, 502 So.2d 1083 (La. 1987) where the court held that double jeopardy does not apply to disciplinary proceedings against a judge and Pullin v. Louisiana State Racing Commission, 484 So.2d 105 (La.1986) where the exclusionary rule was inapplicable to a license revocation proceeding characterized as civil.
However, even assuming that the proceedings against Dr. Allen can be characterized as quasi criminal, under the facts of this case double jeopardy would still not be applicable. The Supreme Court's reversal of the Board's decision is analogous to the granting of a motion in arrest of judgment or a motion for new trial, where the "legality" of the verdict, not its "correctness" is the defect at issue. Dr. Allen will not be placed in jeopardy twice. See, State v. Butler, 331 So.2d 425 (La.1976); C.Cr.P. Art. 859(5).
Res Judicata
Dr. Allen asserts that the "existing factual record", within the context of the Supreme Court's decree, includes the original committee's rejection of various charges and specifications as well as the reversals by the district court and this court of several other charges and specifications. He argues that these decisions *243 were not cross appealed by the Board and are therefore final and barred by res judicata. We disagree.
The theory of civilian res judicata embodies the principle that matters actually litigated and finally adjudicated are presumed correct and should not be contradicted in a subsequent suit. Sewell v. Argonaut Southwest Insurance Company, 362 So.2d 758 (La.1978); Building Engineering Services Company Inc. v. State, 441 So.2d 417 (La.App. 4th Cir.1983). A plea of res judicata presupposes that there exists a valid final judgment where the matters asserted were previously litigated. An issue becomes a "thing adjudged" when the judgment is final, meaning there is no further review. La.C.C. Art. 3506(31).
In the instant case, the Supreme Court reversed this Court and remanded the case for rehearing because it found that "[g]iven the absence of proper factual findings and reasons for judgment ... we have really nothing to review." Thus, there was no final adjudication to form the basis for an application of the doctrine of res judicata. The Supreme Court's decree did not finally decide the merits of any of the charges against Dr. Allen. This assignment of error is without merit.
ASSIGNMENT OF ERROR 2:
Dr. Allen asserts that he is entitled to attorney's fees and expenses because the filing of the Petition for Judicial Review and Injunctive Relief was a substantial factor in causing the Board to recuse Doctors Tomaszewski, King and Long. In support of this position he refers this Court to the provisions of Louisiana Revised Statute 49:965.1(A) and asserts that, by analogy, the federal law and jurisprudence pursuant to the Federal Civil Rights Attorneys' Fees Award Act, 42 U.S.C. Sec. 1988, should be applied in interpreting the Louisiana statute.[8] We disagree.
Louisiana Revised Statute 49:965.1(A) and (B) provide:
"A. When a small business files a petition seeking: (1) relief from the application or enforcement of an agency rule or regulation, (2) judicial review of the validity or applicability of an agency rule, (3) judicial review of an adverse declaratory order or ruling, or (4) judicial review of a final decision or order in an adjudication proceeding, the petition may include a claim against the agency for the recovery of reasonable litigation expenses. If the small business prevails and the court determines that the agency acted without substantial justification, the court may award such expenses, in addition to granting any other appropriate relief.
B. A small business shall be deemed to have prevailed in an action when, in the final disposition, its position with respect to the agency rule or declaratory order or ruling is maintained, or when there is no adjudication, stipulation, or acceptance of liability on its part. However, a small business shall not be deemed to have prevailed, if the action was commenced at the instance of, or on the basis of a complaint by, anyone other than an officer, agent, or employee of the agency and was dismissed by the agency on a finding of no cause for the action or settled without a finding of fault on the part of the small business."
Because the statute provides for an award for reasonable litigation expenses, it is penal in nature. See, GTM Carpet Company v. Richards, 534 So.2d 539 (La.App. 5th Cir.1988). It is a well settled rule of *244 statutory construction that penal statutes must be strictly construed and their provisions shall be given a genuine construction according to the fair import of their words, taken in their usual sense, in connection with the context and with reference to the purpose of the provision. State v. Russland Enterprises, 555 So.2d 1365 (La. 1990); Baten v. Taylor, 386 So.2d 333 (La. 1979); Becnel v. Answer, Inc., 428 So.2d 539 (La.App. 4th Cir.1983), writ den. 433 So.2d 158 (La.1983). This rule of construction has been specifically applied to administrative law. Gibbs Construction Company, Inc. v. State Department of Labor, 540 So.2d 268 (La.1989). Thus, no analogy to comparable federal statutes is necessary nor permitted. We must strictly construe the applicable Louisiana statute.
Dr. Allen's Petition seeks judicial review of "pre-trial rulings" of the Board. Assuming Dr. Allen's dental practice is a "small business" as required by section (D)(2),[9] none of the types of relief or review specified in the statute were sought by Dr. Allen. He does not seek relief from enforcement of an agency rule or regulation; judicial review from the validity of an agency rule; judicial review of an adverse declaratory order or ruling which deals with the applicability of any statutory provision or of any rule or order of the agency; or judicial review of a final decision or order.
Furthermore, Dr. Allen's affidavit setting forth the grounds for recusal and the petition for judicial review by the district court were filed at the same time. His district court petition was premature. The Board was not given the opportunity to first rule on his request. Under these circumstances it would be inappropriate to grant attorney fees.
THE EXISTING FACTUAL RECORD:
What constitutes "a new hearing on the existing factual record", as decreed by the Supreme Court, has been argued by both parties herein. That Court was given an opportunity to define the parameters of its order but declined to do so. While we recognize that the Supreme Court is the exclusive and final arbiter of its own decrees and judgments, Barber v. Houssiere-Latreille Oil Company, 163 La. 555, 112 So. 415 (1926); Hill v. Hill, 121 La. 578, 46 So. 657 (La.1907), we feel compelled, though reluctantly, to provide some guidance on this issue.
The majority in Allen v. Louisiana State Board of Dentistry, 543 So.2d 908 (La. 1989), did not hold that the original administrative hearing was tainted. Rather, the court found that Wootan's participation in drafting the Board's findings and conclusions was improper. This is evident in the preamble to the Court's June 29, 1989 modified decree which states:
"The reversible error in the proceedings below occurred after the close of evidence during the deliberative process."
In our opinion, the entirety of the modified decree means that the new committee should review the record as it existed at the close of the hearing, receive whatever additional evidence either party desires to present, and render a decision accordingly.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal to be paid by appellant.
AFFIRMED.
NOTES
[1] Allen v. Louisiana State Board of Dentistry, 536 So.2d 1226 (La.1989).
[2] The committee found all the charges and specifications viable except the following:

Charge Number Specification Numbers
1 1
2 1, 16, 17, 19, 21 and 27
3 1 and 2
4 1 and 2
5 4 and 6

[3] Charge 5 specifications 4 and 6 should have read charge 6, specifications 4 and 6.
[4] Allen v. Louisiana State Board of Dentistry, 565 So.2d 464 (La.1990).
[5] Charge 2, Specifications 5, 15 and 18, Charge 5, Specification 1 and Charge 6, Specification 5.
[6] Charge 2, Specifications 2, 3, 7, 8, 14 and 24.
[7] Charge 2, Specifications 13, 20 and 26.
[8] 42 U.S.C. Sec. 1988 entitled "Proceedings in vindication of civil rights; attorney's fees" provides in pertinent part:

"... In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92-318, or Title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."
Pursuant to this provision the federal jurisprudence has allowed civil rights plaintiffs to recover fees even when the subject of the litigation has been settled or has become moot, if, the plaintiff has established (1) that the goal of the lawsuit was achieved and (2) that the suit itself caused the defendant to remedy the discrimination." Associated Builders and Contractors v. Orleans Parish School Board, 919 F.2d 374 (5th Cir.1990).
[9] Louisiana Revised Statute 49:965.1(D)(2) provides:

"Small business" means a small business as defined by the Small Business Administration, which for purposes of size eligibility or other factors, meets the applicable criteria set forth in 13 Code of Federal Regulations, Part 121, as amended.
A dental office with annual receipts of less than $3.5 million dollars is considered a small business. 13 Code of Federal Regulations, Part 121.601.