614 So.2d 129 (1993)
STATE of Louisiana in the Interest of Antonio DANDRIDGE.
No. 92-CA-1483.
Court of Appeal of Louisiana, Fourth Circuit.
January 29, 1993.
Writ Denied April 12, 1993.
Harry Connick, Dist. Atty., Jefferson Moore, Scott Joanan, Asst. Dist. Attys., New Orleans, for appellant.
Richard B. Stricks, Bryan Pedeaux, New Orleans, for appellee.
*130 Before BARRY, BYRNES and WARD, JJ.
BYRNES, Judge.
The State appeals a judgment granting a motion to dismiss an action in juvenile court based on double jeopardy. We reverse and remand.
On February 7, 1992, Elijah Brimmer, a band teacher at Fortier High School, found a gun on the defendant, Antonio Dandridge, in the school hallway. The police were called and the defendant was arrested for illegal possession of a dangerous weapon on a school campus under LSA-R.S. 14:95(A)(5)(a). In a school board proceeding, Antonio Dandridge was found guilty of being in possession of a firearm on school property under LSA-R.S. 17:416(C)(1) and was expelled for the remainder of the school year pursuant to LSA-R.S. 17:416(C)(2)(a)(i).
When the State brought a petition in Juvenile Court for the Parish of Orleans, charging Mr. Dandridge with possession of a firearm on school grounds, a hearing was held on April 21, 1992, and the trial court granted the defendant's motion to dismiss the petition. The State's appeal followed.
The issue on appeal is whether the expulsion of Antonio Dandridge by the school board prohibits trial and punishment in juvenile court on the grounds of double jeopardy. The trial court ruled that under the double jeopardy clause the defendant cannot be subject to additional punishment for the same offense. The trial court reasoned that because the school board expelled the defendant for the same offense, any additional sentence would be double punishment, constituting double jeopardy. United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).
In Halper, supra, the United States Supreme Court reversed a civil judgment imposed for medical fraud where the government brought an action against a defendant who had been punished in a criminal prosecution. The Supreme Court held that the government may not criminally prosecute the defendant, impose a criminal penalty upon him and subsequently bring a separate civil action based on the same conduct. The government may demand reasonable civil compensation without being deemed to have imposed a second punishment in violation of double jeopardy protection; however, the Supreme Court ruled that the second (civil) sanction constituted punishment or double jeopardy where the imposition of a high civil penalty bore no rational relation to the government's loss. Although the government`s action violated the double jeopardy clause of the Fifth Amendment of the United State's Constitution, the Court found that a private citizen may file a civil suit seeking damages for conduct that previously was the subject of criminal prosecution and punishment without triggering protections of the double jeopardy clause, even if the civil sanctions imposed are punitive.
The defendant argues that because the school board as "machinery of the State" imposed the punishment of expulsion, any criminal prosecution imposing additional punishment for the same crime violates federal and state double jeopardy principles.
To constitute double jeopardy the prior proceeding relied upon must have been in a court. State v. Green, 301 So.2d 590 (La.1974). Under the doctrine of traditional double jeopardy an ultimate issue of fact which has been established in defendant's favor cannot be relitigated by the State. However, for a defendant to successfully raise the issue, the defendant must have been brought to trial in a prior criminal litigation. State v. Arnold, 593 So.2d 1293 (La.App. 1 Cir.1991), writ denied and stay denied, 594 So.2d 1305 (La.1992). In that case the defendant argued that the Department of Public Safety and the District Attorney's Office are arms of the same sovereign. However, the findings of the administrative law judge determining whether or not driving privileges should be suspended were not binding on the trial court in the criminal proceeding. The Louisiana Code of Juvenile Procedure (the precursor of the Louisiana Children's Code) is not applicable to proceedings involving the discipline of public school pupils. Abadie *131 v. St. Bernard Parish School Bd., 485 So.2d 596 (La.App. 4 Cir.1986). In Coleman v. Joyner, 593 So.2d 451 (La.App. 2 Cir.1992), writ denied 595 So.2d 657 (La. 1992), although a student had been suspended from school for five days for an attack on a fellow student, the appellate court did not rule against prosecution of the student in juvenile court.
In the present case, prosecution of Antonio Dandridge in juvenile court is not barred by double jeopardy because the defendant had not been prosecuted in a prior criminal matter. Although the school board is an arm of the state, its administrative proceeding resulting in expulsion does not constitute a criminal prosecution and trigger double jeopardy protection.
Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.