JiPLOTKIN, Judge.
On October 14,1993, the defendant, Archie Jefferson, was charged by bill of information *918 with the unlawful practice of law in violation of La.R.S. 37:213.[1] He was arraigned on October 28, 1993, at which time he entered a plea of not guilty. On May 5, 1994, the defendant filed a motion to quash the bill of information. On May 20, 1994, after a hearing was held on the defendant’s motion, the trial court granted the motion to quash the bill of information. The State noted its intent to appeal the trial court’s judgment.
I STATEMENT OF FACTS
On December 14, 1990, the Louisiana Supreme Court suspended the defendant’s license to practice law. The record does not reveal the basis for the suspension, but it does show that the suspension was for a period of 2½ years, with reinstatement conditioned on defendant’s making restitution to the First National Bank of Commerce.
The bill of information charges that between February 4, 1993, and April 8, 1993, the defendant engaged in the practice of law while he was not duly sworn and regularly licensed and admitted to practice law by the Louisiana Supreme Court. Specifically, the defendant is accused of accepting money for legal services, distributing business cards that represented him as a licensed attorney, and representing himself to an attorney as a licensed practitioner.
As noted above, the defendant moved the trial court to quash the bill of information. In his motion, the defendant argued that criminal prosecution of him for the unlawful practice of law amounted to a potential double jeopardy violation. According to the defendant, as an attorney, even though his license was suspended, he was subject to the exclusive regulatory authority of the Louisiana Supreme Court. Thus, so long as the supreme court potentially[2] could sanction him for practicing law while his licensed was suspended, criminal prosecution subjected him to dual punishment for the same offense. The trial court apparently agreed and ordered the bill of information quashed. From this ruling, the State seeks relief.

DISCUSSION

The State complains that the trial court erred in granting the defendant’s motion to quash on the grounds of double jeopardy. The State contends that prosecution for violation of La.R.S. 37:213 does not constitute double jeopardy because no other proceedings have been instituted against the defendant by the Louisiana Supreme Court or the Louisiana State Bar Association. In response, the defendant argues that the Louisiana Supreme Court has exclusive original jurisdiction over disciplinary proceedings against a member of the bar, even|3when the member has been suspended. Therefore, according to the defendant, the State is without jurisdiction to impose punishment on attorneys for conduct in contravention of the Rules of Professional Conduct, even if such conduct amounts to a crime.
The Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 439-40, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989) (citing North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). It is the third of these protections on which defendant’s argument hinges. According to him, if he has violated the Rules of Professional Conduct by practicing law while on *919 suspension, it is the Louisiana Supreme Court that should address that violation, not the State. Otherwise, if he were subject to both criminal and administrative sanctions, his right to be free from double jeopardy would have been violated. This argument, however, appears flawed in light of the jurisprudence that establishes that double jeopardy is not violated when an individual is subject to both criminal sanction and administrative regulation, at least to the extent that the administrative regulation is neither penal in nature nor designed to exact retribution. See, e.g., Butler v. Department of Pub. Safety & Corrections, 609 So.2d 790, 795-96 (La. 1992); In re Dandridge, 614 So.2d 129, 131 (La.App. 4th Cir.), writ denied, 616 So.2d 684 (La.1993); Allen v. Louisiana St. Bd. of Dentistry, 603 So.2d 238, 242 (La.App. 4th Cir. 1992).
We find, however, that defendant’s double jeopardy argument is, at best, premature and potentially is inapplicable. The defendant concedes that his license to practice law has been suspended. Neither the State nor the defendant alleges that disbarment proceedings have been initiated in the Louisiana Supreme Court. The prosecution in state court is the result of the defendant allegedly engaging in the practice of law without a valid license, a criminal offense. The defendant may not anticipate what will happen in the future in another court proceeding to bar prosecution for a present violation of the law. Cf. In re Dandridge, 614 So.2d at 130 (“[F]or a defendant to successfully raise the issue [of double jeopardy], the defendant must have been brought to trial in a prior criminal litigation.”). So long as his conduct falls within the ambit of the statute, an issue not currently before us and Uone on which we express no opinion at this time, the State may institute criminal proceedings against him and he may not raise the issue of double jeopardy when no punishment has yet been levied against him.

CONCLUSION

For the foregoing reasons, we conclude that the trial court erred when it granted the defendant’s motion to quash the bill of information based on double jeopardy. We therefore reverse the judgment of the trial court, reinstate the bill of information, and remand the matter to the trial court for further proceedings.

REVERSED AND REMANDED.

. This statute provides in pertinent part as follows:
No natural person, who has not first been duly and regularly licensed and admitted to practice law by the supreme court of this state, no corporation or voluntary association except a professional law corporation organized pursuant to Chapter 8 of Title 12 of the Revised Statutes, and no partnership or limited liability company except one formed for the practice of law and composed of such natural persons, corporations, voluntary associations, and/or limited liability companies, all of whom are duly and regularly licensed and admitted to the practice of law, shall: (1) Practice law; (2) Furnish attorneys or counsel or an attorney and counsel to render legal services; (3) Hold himself or itself out to the public as being entitled to practice law; (4) Render or furnish legal services or advice; (5) Assume to be an attorney at law or counselor at law....

. We say "potentially” because the record does not reveal whether the Supreme Court has taken any action against defendant for his alleged transgressions.